STATE v. HENRY OSSENDORF, Appellant.—No. 40522.—208 S. W. (2d) 209.

Division Two, February 9, 1948.

Albert S. Ennis for appellant.

J. E. Taylor, Attorney General, and John S. Phillips, Assistant Attorney General, for respondent.

[209] WESTHUES, C.—Appellant, Ossendorf, was convicted in the Circuit Court of Iron County, Missouri, on a charge of embez-

zling, as bailee, eleven head of cattle and was sentenced to imprisonment in the penitentiary for a term of two years. He appealed.

The evidence introduced by the state reveals the following. The defendant operated a dairy farm near Hillsboro, Missouri, while the prosecuting witness, Frank A. Sodar, operated a store in Hillsboro. In the spring and summer of 1943, cattle were purchased by them under the following circumstances. Sodar furnished the money with which Ossendorf purchased seventeen head of cattle, three cows and fourteen calves. It was agreed that these cattle were to be cared for and placed on the Ossendorf farm. When sold, the amount of cash furnished by Sodar was to be repaid to him and the balance divided equally. The increase of the cattle, and it was admitted that there was some, was also to be divided equally. Ossendorf kept the cattle during the years 1943, 1944 and until the spring of 1945, with the exception of six head which were pastured by Sodar on his place during the summer of 1944 and sold by him for $212.00. He testified that when these six were purchased the cash outlay was about $30.00. He also testified that in the spring of 1945 he went to the defendant's farm and asked for the balance of the cattle for the purpose of shipping them to market, [210] but that defendant refused to deliver them and after some negotiation informed him that he, Ossendorf, had sold the cattle. Sodar then brought a replevin suit and went with the sheriff to defendant's place where he obtained all the cattle except four head referred to and identified by the witness as being Black Angus. Sodar admitted, and the defendant testified, that three or four head of black cattle were tendered by the defendant but that he rejected and refused them on the ground that they were not his and that those tendered were much smaller.

The evidence reveals that three of these so-called Black Angus were half Holstein and half Angus and the other, part Jersey and part Angus. In view of the fact that the members of this court have been thoroughly educated by one of the Judges of the court on the high quality and fine breeding of Angus cattle, we must refrain from designating the cattle in question as Angus. We will, therefore, refer to them as black cattle. It is also in evidence that the Jersey cow and its black calf died. The dispute is therefore narrowed to three black cattle. The evidence reveals that in the cattle business the final standing between the prosecuting witness and the defendant, after the replevin writ was executed, was about as follows: The prosecuting witness was in possession of all of the cattle except three. He sold six for which he received $212.00 and testified that he did not give Ossendorf any of this money. He claimed that the defendant owed him sums for groceries and money loaned. Defendant, on the other hand, testified that he owed Sodar about $100.00, but that he had not been paid or given credit for labor

performed for Sodar at various times and that the account, aside from the cattle business, was about even. The standing of the account between these parties is immaterial as to the question of whether Ossendorf was guilty of embezzlement.

The defendant has briefed the point and claims that he had an interest in the cattle as joint owner and therefore could not, under the law, be guilty of embezzlement as bailee, as defined by Sec. 4473, R. S. Mo., 1939, Mo. R. S. A.

We are of the opinion that this contention must be sustained. The state's evidence showed that the defendant had an interest in the cattle. Take for example the six that were sold by Sodar for $212.00. In these he had a cash outlay of only $30.00, while the defendant under the agreement, had fed them for nearly two years. Sodar testified that according to the agreement one-half of the $182.00 difference belonged to the defendant, Ossendorf. That, however, was not all profit to the defendant as the feed furnished by him may have exceeded his share, and in addition thereto he furnished the labor. It was claimed by the defendant that Sodar was to furnish half of the feed, but that fact, if it be a fact, does not affect the question presented for review. The general rule of law is that,

"If it appears that accused had any interest in the property jointly with another, he cannot be convicted of embezzlement with respect to such property; . . ."

29 C. J. S. 677, Sec. 8. See also 18 Am. Jur. 576, Sec. 10. Likewise, it is the rule that a partner cannot be convicted of embezzling partnership property. 18 Am. Jur. 588, Sec. 31; 29 C. J. S. 693, Sec. 16; Ex Parte Lon Sanders, 201 Pac. (Ariz.) 93, 17 A. L. R. 980; Dancy v. State, 53 S. W. (Tex.) 886. In the case before us the state's evidence disclosed that the defendant was not a bailee of the cattle he was charged with having embezzled, but it did show that he had a material pecuniary interest in the cattle at least equal to that of the prosecuting witness.

The judgment is, therefore, reversed and the defendant discharged. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.