Sondra G. HARDESTY, as Trustee for
the E. Jerry Hardesty Marital
Trust, Plaintiff,

v.

Joseph Lloyd JOHNSON, Margueritte
Donna Johnson, and Charles W.
Riske, Trustee, Defendants.

Bankruptcy No. 90–2108C(1).

United States District Court,
E.D. Missouri, E.D.

April 10, 1991.

Thomas M. Blumenthal, Susman Schermer Rimmel & Shifrin, St. Louis, Mo., for plaintiff.

Charles W. Riske, Trustee, St. Louis, Mo.

Frank A. Conard, St. Charles, Mo., for defendants-debtors.

Scott A. Greenberg, St. Louis, Mo., for Landmark Bank.

Joseph J. Becker, St. Louis, Mo., for a Secured Creditor.

MEMORANDUM

NANGLE, District Judge.

This matter comes before this Court by way of the Bankruptcy Court, in which plaintiff originally filed her complaint to determine nondischargability of debt. The Eighth Circuit has held that Bankruptcy Courts, as Article I courts, lack the statutory authority to conduct jury trials on legal proceedings. *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir.1990). Because the Bankruptcy Court ultimately determined that a jury trial, as demanded by plaintiff, would be necessary to resolve plaintiff's claims, it entered an order transferring the matter to this Court to conduct such a trial. The matter is now before the Court on defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted and defendants' motion for sanctions.

Plaintiff's complaint arises out of plaintiff's relationship with Joseph Johnson in Heritage Investment Company, a Missouri general partnership in which Joseph Johnson and the trust of which plaintiff is trustee are the general partners.[1] Alleging that Joseph Johnson committed certain improprieties with respect to partnership assets and transactions, plaintiff's complaint contains claims for dissolution of the partnership and damages for breach of the partnership agreement (Count I), for an accounting (Count II), for damages based on breach of fiduciary duty (Count III), for damages based on embezzlement (Count IV), and damages for "willful and malicious injury" (Count V). The bases of nondischargeability upon which plaintiff relies are found in 11 U.S.C. § 523(a)(4) & (6), which provide in pertinent part:

> (a) A discharge under ... this title does not discharge an individual debtor from any debt
>
> .  .  .  .  .

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; [or]
>
> .  .  .  .  .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Two of plaintiff's claims are equitable in nature, those for a decree of dissolution and for an accounting; the remaining four are claims at law. As is often the case in this context, the complaint's legal claims require a two-fold determination, first of whether the defendant-debtor Joseph Lloyd Johnson owes plaintiff a debt, i.e., whether defendant is liable on plaintiff's claims, and second, whether any such liability is dischargeable in bankruptcy. At the outset, because plaintiff's complaint is not consistently organized so as to reflect the two-fold nature of the Court's task with respect to plaintiff's legal claims, the Court is led to "reclassify" one of plaintiff's claims.

Optimally, plaintiff's complaint would have been pled with each count containing a separate legal cause of action together with all possible bases for nondischargeability of liability on that cause of action. Instead, plaintiff appears instead to have organized the complaint into separate counts for each basis of nondischargeability. The two methods are overlapping with respect to Counts III and IV, for breach of fiduciary duty and embezzlement, because each of those is both a cause of action and a basis for nondischargeability. The claim for breach of the partnership agreement is separately pled in Count I and the Court presumes that the basis urged for nondischargeability with respect to that claim is § 523(a)(6). The problem arises with Count V, captioned "willful and malicious injury." Plaintiff has borrowed this language from the nondischargeability provision § 523(a)(6), but such language does not, in and of itself, state a proper cause of action.

1. The complaint also alleges that the trust and Joseph Johnson were general partners of a second partnership, HJB Investments, L.P. Neither the factual allegations supporting the various claims in the complaint nor the prayers for relief contain any reference to this partnership, however, and the Court therefore disregards it, and considers only Heritage Investment Company.

The Court remedies the confusion by granting defendants' motion to dismiss with respect to Count V and doing away with it as a separate count, but preserving its proper role in the complaint by construing Counts I, III and IV each to contain a request for a determination of nondischargeability under § 523(a)(6), i.e., a determination that any breach of the partnership agreement, breach of fiduciary duty or embezzlement for which any defendant is liable was a willful and malicious injury within the meaning of § 523(a)(6). This construction of the complaint is further supported by the general averment in the complaint's introductory paragraph that "certain debts that are owed to the Trust as a result of the Debtors' activities are nondischargeable pursuant to Bankruptcy Code § 523 because [those debts are] excepted from discharge under §§ 523(a)(4) and (6)."

### Claims in Equity

To return to the substantive work at hand, the Court deals next with the two equitable claims. Defendants have explicitly acceded to plaintiff's requests in Count I for a decree of dissolution and in Count II for an accounting. *See, e.g.,* Defendants' Reply Memorandum, p. 1. Defendants are correct that Joseph Johnson's filing for bankruptcy triggered dissolution of the partnership pursuant to ¶ 13(d) of the Amended and Restated Articles of Partnership. Plaintiff does not dispute this point, but argues that, under Missouri law, Joseph Johnson's alleged defalcations worked a dissolution of the partnership much earlier, by effectively excluding plaintiff from the partnership; plaintiff asserts her entitlement to "an orderly Court-supervised accounting, a 'winding up' of the Partnership affairs and a decree of dissolution." The Court agrees that plaintiff is so entitled, but deems it unnecessary to fix the date of dissolution upon Joseph Johnson's alleged wrongdoing when all concerned agree that the partnership was dissolved by the filing in bankruptcy, if not before. Plaintiff's position does not appear to be based on any advantage gained by having the date of dissolution fixed on the earliest date possible.

In light of the foregoing, and the fact that the equitable claims do not implicate the right of trial by jury, the Court proceeds to fashion appropriate relief on these claims. The Court therefore enters judgment in favor of plaintiff on the portion of Count I concerning dissolution and on Count II by decreeing as a matter of law that the partnership was dissolved on February 16, 1990, when the defendant-debtors filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and that plaintiff is entitled to an accounting of the Heritage Investment businesses, books and records. Defendants' motion to dismiss is denied with respect to these claims in Counts I and II of the complaint.

### Claims for Damages

■ The Court next turns to defendants' arguments for dismissal of plaintiff's four claims for damages. Defendants argue that the claim in Count I for breach of the partnership agreement should be dismissed because an action at law by one partner against another to recover moneys due on account of partnership transactions cannot be maintained until after an accounting. Plaintiff does not dispute defendants' statement of the general rule concerning the necessity of an accounting but cites Missouri case law indicating that a court may simultaneously conduct an accounting and make a determination of claims between partners that require an accounting. *See Stein v. Jung,* 492 S.W.2d 139 (Ct.App. 1973). The Court agrees with plaintiff that the rule is best understood to require that an action at law cannot be maintained *without* an accounting, but not necessarily to require that the accounting precede the action in time and be separate therefrom.

The Court considers an accounting to be a condition precedent to claims for damages only in the sense that the accounting provides a basis against which to assess the alleged damage to the partnership. The foregoing discussion shows that defendants' arguments concerning an accounting as prerequisite do not warrant dismissal of any of plaintiffs' claims for damages, but have served the useful function of alerting the Court to the need to bifurcate these

proceedings appropriately. The Court therefore, in conjunction with its declaration of plaintiff's entitlement to an accounting, vacates the imminent trial setting to allow the accounting to proceed prior to trial of plaintiff's viable legal claims. Within seven days, plaintiff is ordered to file with the Court a notice stating that the accounting is underway and advising the Court generally as to how and by whom the accounting is being performed. Within three days of the completion of the accounting, plaintiff will notify the Court so that the remainder of the case may be set for trial. The Court rejects defendants' argument that the breach of partnership agreement claim must be dismissed because an accounting has not yet been done, and so denies defendants' motion to dismiss with respect to this claim.

■ In Count III, plaintiff alleges Joseph Johnson's breach of his fiduciary duty to the trust as its partner and seeks a declaration of the nondischargeability of such liability on the basis of § 523(a)(4). As indicated above, the Court also considers Count III to allege the nondischargeability of liability thereunder on the basis of § 523(a)(6). Defendants argue that in *In re Holman*, 42 B.R. 848 (E.D.Mo.1984), the Bankruptcy Court in this district declared itself in agreement with the majority rule that "fiduciary capacity" in § 523(a)(4) does not include within its scope the fiduciary relationship between partners. Defendants conclude therefrom that any liability under Count III would be dischargeable in bankruptcy and that Count III should therefore be dismissed.

Plaintiff does not dispute the majority rule, but argues that it does not apply to cases involving fraud or defalcation by a managing partner, as opposed to a mere general partner, and alleges that Joseph Johnson acted as managing partner of Heritage Investment at all times relevant to this action. The Court has carefully examined the case law upon which plaintiff relies to establish the managing partner exception, and the Court is not persuaded these cases create such an exception. Instead, the cases cited involve the particular court's construction of the applicable state law concerning partnership to find that the standard imposed by that law is sufficiently stringent to make partners "fiduciaries" within the meaning of § 523(a)(4). None of these cases involves an application of Missouri law, however, and furthermore, in *Holman*, the Bankruptcy Court of this district rejected the argument that partners under Missouri law are fiduciaries within the meaning of § 523(a)(4).

■ In sum, the Court does not find any managing partner exception to be established in the law, and would defer to and follow the decision of the district's Bankruptcy Court to the effect that Missouri partners are not fiduciaries under § 523(a)(4). Plaintiff's request for nondischargeability under § 523(a)(4) can be denied as a matter of law. Nonetheless, the breach of fiduciary duty claim stated in Count III might be nondischargeable on another basis, i.e., under § 523(a)(6), as a willful and malicious injury by the debtor to another entity or to the property of another. Defendants have not attempted to show that the breach of fiduciary duty claim is itself defective, but only that the basis on which plaintiff argues nondischargeability is faulty. Because another possible basis for such a finding exists, defendants' motion to dismiss Count III must be denied.

■ Defendants challenge Count IV, the embezzlement claim, on the basis that a partner cannot be guilty of embezzling partnership property under Missouri law, citing *State v. Ossendorf*, 357 Mo. 366, 208 S.W.2d 209 (1948). Plaintiff counters with the argument that *Ossendorf*, a criminal case, is not controlling with respect to the definition of embezzlement as it is used in the Bankruptcy Code; plaintiff cites *In re Belfry*, 862 F.2d 661 (8th Cir.1989), a case in which the Eighth Circuit discusses the embezzlement provision found in § 523(a)(6). The Court considers *Belfry* to support defendants' argument rather than plaintiff's, however, because the Court of Appeals there notes that "[o]ne cannot embezzle one's own property," *id.* at 662, which rule is the basis for the corollary that a partner cannot embezzle partnership property, in which he himself has an own-

ership interest. *See Ossendorf,* 208 S.W.2d at 210. Furthermore, in *Holman,* the Bankruptcy Court for this district relied on *Ossendorf* in rejecting a claim of embezzlement by a partner and a request for nondischargeability of that liability under § 523(a)(6). For the same reason, the Court grants defendants' motion to dismiss Count IV to the extent it attempts to state a claim against Joseph Johnson for embezzlement.

■ Count IV also alleges that Margueritte Johnson embezzled partnership funds and property, and defendants have made no argument concerning the viability of this claim other than a brief denigration of its factual basis. Because any factual determination is well beyond the scope of the instant motion, such an argument cannot support dismissal of the claim. The Court notes, however, that the sum and substance of plaintiff's allegations concerning embezzlement by Margueritte Johnson are as follows:

> Defendant MDJ knew of the fraudulent diversion and misappropriation of funds and participated in that diversion and misappropriation of funds with full knowledge of its wrongful nature.

In *Belfry* the Eighth Circuit provided the following definition: "Embezzlement, for purposes of [§ 523(a)(4)] is the 'fraudulent appropriation of property of another *by a person to whom such property has been entrusted or into whose hands it has lawfully come.'* " *Id.* at 662 (emphasis added; citation omitted).

Taking plaintiff's allegations against Margueritte Johnson as true, they would not appear to support the legal conclusion that she is guilty of embezzling partnership properties, because she is not a person to whom partnership property was entrusted or into whose hands it legally came. At best, plaintiff's allegations are that property and funds wrongfully appropriated by Mr. Johnson were used by him for Mrs. Johnson's benefit or were given to her by him, with her knowledge of their origin. Because the allegations do not allow an inference that evidence to support the element of entrustment will be introduced at trial, the motion to dismiss is also granted with respect to Count IV insofar as it at-tempts to state a claim against Margueritte Johnson for embezzlement.

*Conclusion*

The Court's actions today can be summarized as follows. The Court grants plaintiff the relief requested in part of Count I and in Count II of the complaint, i.e., the Court declares that Heritage Investment Company was dissolved on February 16, 1990, when the defendant-debtors filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and further declares that plaintiff is entitled to an accounting of the Heritage Investment businesses, books and records. The imminent trial setting of the case is vacated to allow the accounting to proceed prior to trial of plaintiff's viable claims for damages.

The claims for damages remaining to be addressed at trial are the breach of partnership agreement claim in Count I and the breach of fiduciary duty claim in Count III, either of which may give rise to nondischargeable liability under § 523(a)(6). The Court's denial of the motion to dismiss with respect to these claims and the granting of relief with respect to the decree of dissolution and an accounting dictates the denial of defendants' motion for sanctions, which is based on an allegation that plaintiff's complaint is frivolous. The motion for sanctions is therefore denied.

### ORDER

Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and is entered in favor of plaintiff on Count I of her complaint to the extent that the Court hereby declares that Heritage Investment Company was dissolved on February 16, 1990, when the defendant-debtors filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment be and is entered in favor of plaintiff with respect to Count II of her complaint and that plaintiff be and is entitled to an accounting of the Heritage Investment businesses, books and records.

IT IS FURTHER ORDERED that the April 15, 1991 trial setting of this matter be and is vacated to allow the accounting to proceed prior to trial of plaintiff's viable claims for damages.

IT IS FURTHER ORDERED that within seven (7) days of the date of this order, plaintiff shall file with the Court a notice stating that the accounting is underway and advising the Court generally as to how and by whom the accounting is being performed.

IT IS FURTHER ORDERED that within three (3) days of the completion of the accounting, plaintiff will so notify the Court, after which the remainder of the case will be set for trial.

IT IS FURTHER ORDERED that defendants' motion to dismiss be and is denied with respect to Counts I, II and III of plaintiff's complaint.

IT IS FURTHER ORDERED that defendants' motion to dismiss be and is granted with respect to Counts IV and V of plaintiff's complaint.

IT IS FURTHER ORDERED that defendants' motion for sanctions be and is denied.