In re Lanny F. WILES and
Susan S. Wiles, Debtors.

J.C. FAW, O. Doyle Claywell, Tom G. Webb, and Trent Development Associates, a North Carolina general partnership, Plaintiffs,

v.

Lanny F. WILES and Susan
S. Wiles, Defendants.

Bankruptcy No. 91–2718–BKC–3P7.
Adv. No. 91–1604.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 3, 1994.

Kelly Mathis, Jacksonville, FL, for plaintiffs.

James A. Fischette, Jacksonville, FL, for debtors/defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came on for trial on complaint to except a debt from defendants' discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4). The Court held a trial on January 13, 1994, and upon the evidence presented the Court enters these findings of fact and conclusions of law:

*Findings of Fact Stipulated by Parties*

The parties stipulated to the following:[1]

Plaintiffs, J.C. Faw, O. Doyle Claywell, Tom G. Webb, and Trent Development Associates, a North Carolina general partnership, ("TRENT DEVELOPMENT") and defendants, Lanny F. Wiles and Susan S. Wiles, hereby stipulate and agree to the following facts.

1. This adversary proceeding relates to the captioned bankruptcy case under Chapter 7 of the Bankruptcy Code now pending in this Court. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and § 1334, and 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2. Plaintiff, FAW, is a creditor of LANNY WILES and holds a judgment against him in a sum of $144,594.26, plus interest, from March 11, 1988, which was entered in the General Court of Justice, Superior Court Division, Wilkes County, North Carolina, on October 11, 1990.

3. Plaintiff, TRENT DEVELOPMENT, is a creditor of both debtors and holds a judgment against them, jointly and severally, in the sum of $130,231.25, plus interest, from

April 21, 1987, for conversion of certain funds.

4. Plaintiffs are each citizens of the state of North Carolina.

5. Defendants, LANNY F. WILES, and SUSAN S. WILES, are citizens of the State of Florida, who, at the time of the institution of this litigation, resided at Ponte Vedra Beach, St. Johns County, Florida.

6. At all times material hereto, plaintiffs, together with LANNY F. WILES and Maurice R. Elledge ("Elledge"), were general partners of a North Carolina partnership known as TRENT DEVELOPMENT.

7. On or about April 21, 1986, Tucker State Bank, acting by and through its directors and officers and or their duly authorized agents, accepted and processed the application for, and made a loan or loans in the aggregate principal amount of at least $200,000 to Elledge and Associates, Elledge, LANNY F. WILES and SUSAN S. WILES (the "Subject Loan").

8. On or about April, 1989, LANNY WILES, as plaintiff, filed an action in the General Court of Justice, Superior Court Division, in and for Wilkes County, North Carolina, Case number 89 CVS 537.

9. Defendant therein, TRENT DEVELOPMENT, counterclaimed against WILES and SUSAN S. WILES as a third party defendant therein for damages on or about June, 1989.

10. On October 1, 1990, the Honorable Julius A. Rousseau entered a judgment against debtors, jointly and severally, in the sum of $130,231.25 in favor of TRENT DEVELOPMENT. This judgment is final; the North Carolina Court has denied the motion of the WILES to set aside the judgment and an appeal has not been prosecuted.

11. A certified copy of the October 11, 1990, Final Judgment has been previously filed in this action and will be accepted without objection at the trial on this action.

---

1. The stipulation of the parties is reproduced verbatim. Errors in sentence structure or style are as submitted by the parties and are not corrected by the Court.

*Additional Findings of Fact by the Court*

12. Elledge was the managing partner of Trent Development. He and defendant, Lanny Wiles ("Wiles"), were also partners in at least one other partnership while they were partners in Trent Development. Plaintiff Faw's accountant testified that Wiles told the plaintiffs that Tucker State Bank ("TSB") was paying interest at a higher rate than they were currently receiving. The accountant did not specify when Wiles imparted this information to the other partners. Wiles testified that he did not tell the other partners that TSB was paying higher interest until after April 21, 1986.

13. In March, 1986, the partnership redeemed the partnerships' $126,432.29 First Union certificate of deposit ("CD"). On March 13, 1986, Trent Development purchased a certificate of deposit for $125,000.00 from TSB in Jacksonville. Wiles was a director of TSB at the time the partnership purchased the certificate.

14. On April 21, 1986, the TSB CD was pledged as security for the $200,000.00 loan received by defendants. The hypothecation agreement concerning the certificate is dated April 21, 1986, and is signed by Maurice Elledge for Trent Development Associates.

15. The loan received by defendants and Elledge and Elledge & Associates originally matured on April 21, 1987. The loan was renewed on that date and had a maturity date of April 21, 1988. Elledge again signed a hypothecation security agreement for Trent Development pledging the TSB CD to secure the loan. The renewal note reflects that the Trent Development certificate, defendants' home and car secure the loan.

16. The loan went into default and TSB applied the $125,000.00 CD against the outstanding balance of the loan. In January, 1989, the remaining $71,072.65 balance of the loan was included in a consolidation loan from TSB to defendants.

17. Based upon collateral estoppel and the judgment entered in North Carolina, in which the court found that defendants had acted pursuant to a conspiracy to convert funds belonging to Trent Development for the personal use and benefit of defendants, the plaintiffs moved for summary judgment as to count I for actual fraud and count II for

fraud in fiduciary capacity. This Court held that conversion differs from fraud, fraud in fiduciary capacity, embezzlement, and larceny, and denied plaintiffs' summary judgment motion on September 22, 1992.

18. Plaintiffs allege actual fraud, fraud in a fiduciary capacity and larceny. At trial and in their post-trial submissions, plaintiffs also argue that the debt should be excepted from defendants' discharge because defendants embezzled funds pursuant to § 523(a)(4).

## Conclusions of Law

Plaintiffs pled that the funds taken from the First Union certificate and used to purchase the TSB certificate should be excepted from defendants' discharge because plaintiffs' loss of the funds resulted from defendants' actual fraud, fraud in fiduciary capacity, embezzlement and larceny.

Defendants raise the statute of limitation as an affirmative defense to these allegations. They argue that the action is barred by Florida Statute § 95.11(3)(j) because the loan was received and the certificate pledged five and one-half years prior to the adversary proceeding being filed.

## Statute of Limitation

The last element necessary to state a cause of action must have accrued before the limitations period begins to run. *Penthouse North Ass'n v. Lombardi*, 461 So.2d 1350 (Fla.1984); *Carr v. Broward County*, 505 So.2d 568 (Fla 4th DCA 1987). Thus the Court must consider each element required to establish misrepresentation or actual fraud under § 523(a)(2)(A) to determine whether the action is timely filed or is barred by § 95.11(3)(j) of the Florida statutes. Section 95.11(3)(j) states in relevant part:

**Limitations other than for the recovery of real property.**—Actions other than for recovery of real property shall be commenced as follows:

(3) WITHIN FOUR YEARS.—

(j) A legal or equitable action founded on fraud.

§ 95.11 FLA.STAT. (1993).

■ To prevail under § 523(a)(2)(A), plaintiffs must show, that:

(1) the debtor made a false representation with the purpose and intention of deceiving the creditor;

(2) the creditor relied on such representation;

(3) the reliance was reasonably founded; and

(4) the creditor sustained a loss as a result of the representation;

*In re Graham,* 122 B.R. 447, 450 (Bankr. M.D.Fla.1990); *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986).

The complaint is predicated upon the alleged statement concerning interest rates at TSB. For plaintiffs to prevail, this statement must have been made sometime prior to March 13, 1986, when the TSB CD was purchased. The second element, reliance, must have occurred prior to purchasing the TSB CD because the First Union CD had to be cashed in prior to the purchase and hypothecation of the TSB CD. The reasonableness of the reliance must be assessed at the time of plaintiffs' reliance which occurred, if at all, prior to March 13, 1986.

Plaintiffs claim damage of loss of the TSB CD. While the evidence presented did not indicate when TSB applied the certificate to the loan balance, the loan went into default on April 21, 1988, and the CD was applied sometime thereafter. Thus the damage did not occur until, at the earliest, April 21, 1988.

This adversary proceeding was filed September 10, 1991, was dismissed, and an amended complaint was filed February 21, 1992. The last element of the cause of action accrued, at the earliest, April 21, 1988, thus the four-year limitation period had not run and the adversary proceeding is not barred by Florida statute § 95.11(3)(j).

### § 523(a)(2)(A)

■ Plaintiffs argue that defendants induced plaintiffs to purchase the TSB CD for the purpose of earning more interest on the investment than was presently being earned while defendants' true intention was to use the CD to secure the loan for the benefit of defendants Wiles' other partnerships. Plaintiffs also allege that in inducing plaintiffs to move the funds to earn a higher rate of interest amounts to an implied representation that the funds would not be misused.

■ Plaintiffs must establish each of the four elements required under § 523(a)(2)(A) by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Evidence of intent to deceive may be inferred from the totality of the circumstances. *In re Pollitt,* 145 B.R. 353 (Bankr.M.D.Fla.1992). This Court in *In re Pollitt* held that the defendant's acceptance of a down payment to begin construction on a house when the debtor was in a precarious financial position created the impression that the funds would be used to construct the home, that is, that the funds would be used properly and was sufficient to establish the intent element contained in § 523(a)(2)(A). *Id.* Similarly, in *In re Fenninger,* 49 B.R. 307 (Bankr.E.D.Pa.1985) the court held that entering into a contract while intending to default is sufficient to establish the first element of § 523(a)(2)(A) because entering the contract contains the implicit representation that the work will be completed.

### Defendant Lanny F. Wiles

Plaintiffs have established by a preponderance of the evidence that Wiles intentionally created the impression that the funds would be used to purchase the certificate solely for the benefit of the plaintiffs' partnership while his real intention was to use the funds to benefit other partnerships. It is uncontroverted that Wiles signed the promissory note for the $200,000.00 loan, that Wiles was involved with Elledge in other partnerships that stood to benefit from the loan and that Wiles did benefit from the application of the CD to decrease the outstanding loan balance.

The evidence presented concerning when the partnership learned that TSB was offering a more attractive interest rate on its CDs is in conflict. The purchase of the CD, after funds from another CD at a Florida bank which the partnership had no prior relationship, supports the inference that Wiles told the plaintiffs about the interest rate prior to

plaintiffs purchasing the CD. Telling the partners about the opportunity to earn higher interest on their funds when considered in conjunction with Wiles' partnership relationship creates the implied representation that the funds would be used properly, that is, only to purchase a CD at higher interest.

In addition, Wiles is not a credible witness. His explanation that a prior personal loan was rolled into the $200,000.00 loan and was secured by previously unpledged collateral is contradicted by his prior deposition testimony and is not logical. Consequently, plaintiffs have established that Wiles represented that the TSB CD would be purchased solely to earn higher interest while intending to use the funds to benefit his other ventures.

The second and third elements, reliance and reasonableness, are also present in this case. Plaintiffs acted reasonably in relying on Wiles. Wiles was a partner in Trent Development which makes the reliance evidence by the partnership in moving the funds from the First Union CD to the TSB CD reasonable.

The last element, damage is also present in this proceeding. Plaintiffs suffered a loss when TSB applied the CD against the loan balance. This setoff benefitted Wiles and not plaintiffs. Thus plaintiffs have been damaged in the amount of $125,000.00, the amount of money taken from First Union and used to purchase the TSB CD.

Plaintiffs have established each of the elements required to except the debt from Wiles' discharge pursuant to § 523(a)(2)(A).

### Defendant Susan S. Wiles

As to defendant, Susan Wiles, plaintiffs allege that the debt should be excepted from discharge because the loss could not have occurred without her participation in receiving the loan and pledging the certificate. The only evidence introduced indicates that Susan Wiles signed the note because her husband asked her to do so. This is insufficient to establish any of the elements required under § 523(a)(2)(A).

### § 523(a)(4)

Plaintiffs also contend that the debt should be excepted from defendants' discharge pursuant to § 523(a)(4). Section 523(a)(4) states in relevant part:

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny

11 U.S.C. § 523(a)(4). To prevail under this section, plaintiffs must establish that defendants committed 1) fraud or defalcation while acting as a fiduciary or 2) embezzlement or 3) larceny. What constitutes a fiduciary relationship under § 523 is a question of federal law. *In re Kelley,* 84 B.R. 225, 228 (Bankr.M.D.Fla.1988) (quoting *Moore v. United States,* 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895)). It is generally held that the fiduciary relationship required to except a debt from discharge is more narrow than the general fiduciary relationship and requires either an express or technical trust. *Id.; In re Quaif,* 4 F.3d 950 (11th Cir.1993). The partnership relationship is insufficient to create the fiduciary relationship required by § 523(a)(4). *In re Elliott,* 66 B.R. 466 (Bankr.S.D.Fla.1986); *In re Bundy,* 95 B.R. 1004 (Bankr.W.D.Mo. 1989).

Embezzlement is defined for purposes of § 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In re Kelly,* 84 B.R. 225, 231. To prevail on an embezzlement claim, plaintiffs must show that defendants possessed fraudulent intent in appropriating property of another for defendants' personal benefit. *In re Rigsby,* 152 B.R. 776 (Bankr.M.D.Fla.1993). One cannot embezzle one's own property. *Id.* Likewise a partner cannot embezzle partnership property. *In re Hardesty v. Johnson,* 126 B.R. 343 (Bankr.E.D.Mo.1991).

Larceny is defined as "the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to his use without the consent of the owner." *In re Langworthy,* 121 B.R. 903, 907 (Bankr.M.D.Fla.1990) (quoting *Collier on Bankruptcy,* § 523.14(3)). Florida statute § 812.061 also defines larceny in terms of a taking from its rightful owner.

*Defendant Lanny F. Wiles*

Plaintiffs rely upon the partnership relationship to establish the fiduciary relationship as to Wiles. This relationship is insufficient to create the narrow fiduciary relationship required by § 523(a)(4) to except a debt from discharge.

Plaintiffs also allege that defendants' actions in pledging the partnership CD for the benefit of defendants amounts to embezzlement or larceny. Again, plaintiffs cannot prevail because Wiles was a partner in Trent Development and, as such, was an owner of the property. Both embezzlement and larceny require the taking of another's property, thus the allegations must fail because Wiles had an ownership interest in the CD.

*Defendant Susan S. Wiles*

Plaintiffs allege that the debt should be excepted from discharge as to defendant Susan Wiles because the loss could not have occurred without her participation in receiving the loan and pledging the certificate. The only evidence introduced indicates that Susan Wiles signed the note because her husband asked her to do so. This is insufficient to establish any element required to except a debt from discharge under § 523(a)(4).

*Conclusion*

Plaintiffs failed to carry their burden as to Susan Wiles and her debt will be discharged. Plaintiffs also failed to establish, with regard to either defendant, a fiduciary relationship, embezzlement or larceny pursuant to § 523(a)(4).

Plaintiffs showed by a preponderance of the evidence that defendant, Larry F. Wiles, misrepresented that the partnership funds would be used properly and induced plaintiffs to move the funds. This is sufficient to except the debt from Larry F. Wiles' discharge pursuant to § 523(a)(2)(A). The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

## *JUDGMENT*

Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered for plaintiffs, J.C. Faw, O. Doyle Claywell, Tom G. Webb and Trent Development Associates, a North Carolina general partnership, and against defendant, Lanny F. Wiles.

2. Pursuant to 11 U.S.C. § 523(a)(2)(A), the debt resulting from the setoff of the Tucker State Bank certificate of deposit in the amount of $125,000.00 is excepted from defendant Lanny F. Wiles' discharge.

3. Judgment is entered for defendant, Susan S. Wiles, and against plaintiffs, J.C. Faw, O. Doyle Claywell, Tom G. Webb and Trent Development Associates, a North Carolina general partnership.

4. The debt resulting from the setoff of the Tucker State Bank certificate of deposit is not excepted from defendant Susan S. Wiles' discharge.