**In re JUDICIARY TOWER ASSOCIATES, Debtor.**

**David B. TATGE, Trustee, Plaintiff,**

**v.**

**James P. CHANDLER, et al., Defendants.**

**Bankruptcy No. 90–297.**
**Adv. No. 90–140.**

United States Bankruptcy Court,
District of Columbia.

July 18, 1994.

David B. Tatge, pro se.

James P. Chandler and Charles Ware, for defendants James P. Chandler and Robert J. Harper.

William G. Schaffer and Reg J. Lormon, for defendant George E. Bramlett.

Gary Rosen, for defendants Paul J. Riccuiti and C. Robert Buchanan.

Philip J. Jones, for defendant Bernard J. Bucheit, Jr.

### DECISION AND ORDER DENYING DEMAND FOR JURY TRIAL

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This is an adversary proceeding filed by David B. Tatge (the "Trustee"), chapter 7 trustee, against the partners and former partners of the debtor partnership, seeking contribution pursuant to Bankruptcy Code Section 723(a) for the deficiency in estate assets to pay the allowed claims of creditors.

In his answer, defendant Bramlett asserted a right to a jury trial on the Trustee's complaint. Certain other defendants have also asserted jury trial rights, although the Trustee challenges whether these demands were procedurally valid. In light of the court's ruling herein on the merits of Bramlett's demand, it is unnecessary to address these alleged procedural deficiencies.

■ The Trustee asserts that there is no right to a jury trial on a Section 723 claim. The test for determining whether there is a Seventh Amendment right to a jury trial in a bankruptcy action was set forth in *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989):

First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

492 U.S. at 42, 109 S.Ct. at 2790.

The Trustee cites *Ex parte Cook,* 2 P.Wm. 500, 24 Eng.Rep. 834 (1728), as authority that an action analogous to Section 723, had one existed, would have been brought in equity in 18th–century England. In *Cook,* a joint bankruptcy commission was taken against two partners, and the partners' assets were assigned for the benefit of their joint creditors.[1] Thereafter, the partners' individual creditors took out a separate commission on the partner's individual assets. The English court required an action at equi-

---

1. In English law, the equivalent of a bankruptcy filing was taking out a commission, which resulted in a determination of whether the debtor had committed an act of bankruptcy. If an act of bankruptcy had been committed, the bankruptcy commissioners would assign the bankrupt's assets to an assignee, who would levy on the assets and liquidate them for the benefit of creditors.

ty to account for the assets as between the assignee for the benefit of the joint creditors and the assignees for the benefit of the individual creditors.

■■■■ *Cook* is not wholly apposite, because Bramlett is not in bankruptcy. Nonetheless, *Cook* gains weight as precedent by a comparison with state partnership law. When a partnership becomes insolvent, or a partner seeks to withdraw from a partnership and settle accounts, or when a partnership is otherwise wound up, the procedure used is an accounting. In an accounting, all of the assets and liabilities of the partnership are determined and the allocation of profits or losses among the partners is established. There is no question but that a partnership accounting is an equitable action. *See, e.g., Hardesty v. Johnson,* 126 B.R. 343 (Bankr. E.D.Mo.1991) ("Two of plaintiff's claims are equitable in nature, those for a decree of dissolution and for an accounting …"); *Hausner v. Mendelow,* 198 A.D.2d 210, 603 N.Y.S.2d 498 (N.Y.Sup.Ct.App.1993) ("By joining equitable claims for an accounting and dissolution of a partnership with a legal claim to recover damages for conversion, the plaintiff waived his right to a jury trial"); *Beckman v. Farmer,* 579 A.2d 618 (D.C.1990) (recognizing the general rule). The procedure followed in *Cook,* requiring the assignees to "join in a bill in equity for an account," is essentially identical to a modern action for an accounting.

Although the court found it unnecessary to decide the issue, this same analysis was made in *In re Bell & Beckwith,* 112 B.R. 863, 867 (Bankr.N.D.Ohio 1990):

> [I]t should be noted that historically, accounts were taken, dissolutions decreed, and partnership were wound up in the Courts of Chancery. G. Spence, *The Equitable Jurisdiction of the Court of Chancery* Ch. 21, § 2 at 665–666 (1846); G. Bispham, *The Principles of Equity: A Treatise on the System of Justice Administered in the Courts of Chancery* Part III, Ch. 5, § 505 at 555–556 (4th ed. 1887). Bills for the administration of partnership assets were also filed in equity. G. Bispham, *The Principles of Equity* Part III, Ch. 5 § 509 at 558 (4th ed. 1887). Another analogous

equitable action that was available when the assets of the partnership were insufficient was a creditor's bill against the partners. *Id.* at §§ 520–522 at 568–570.

The current Chapter 7 case is no different in nature from these traditional partnership actions. Section 723 essentially codifies the state law right of the partnership, its partners and its creditors to seek contribution from the partners for the deficiency in partnership assets to pay the creditors of the partnership. Section 723 is the bankruptcy mechanism for instituting and enforcing an accounting against the individual partners. The remedy sought is an equitable accounting, enforced by a money judgment as to any deficiency. As such, it appears that a Section 723 type of action would traditionally have been viewed, as this court views it today, as an equitable proceeding for which there is no right to a jury trial.

Accordingly, the defendants' demands for a jury trial are denied.

