**In re Karen Joanne ZANETTI–GIERKE, Debtor.**

**Michael SCHREIBMAN, Plaintiff,**

v.

**Karen Joanne ZANETTI–GIERKE, Defendant.**

**Bankruptcy No. 93–21439.**
**Adversary No. 93–6122**

United States Bankruptcy Court, D. Kansas.

Aug. 21, 1997.

James E. Kunce, Overland Park, KS, for debtor–defendant.

Timothy J. Sear, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, for plaintiff.

**1.** The parties recognize that this is a core proceeding under 28 U.S.C. § 157; the Court has jurisdiction under 28 U.S.C. § 1334, and under the general reference order of the District Court effective July 10, 1984, in D. Kan. Rule 83.8.5.

**2.** The debtor-defendant, Karen Joanne Zanetti–Gierke, appears by her attorney, James E. Kunce,

## MEMORANDUM OPINION[1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

The Court now considers Defendant Zanetti–Gierke's Motion for Summary Judgment on Plaintiff Schreibman's Amended Complaint Objecting to Discharge and to Determine Dischargeability of Debt.[2] After taking the matter under advisement, the Court has reviewed the motion, the suggestions, and the record, and is ready to rule.

### BACKGROUND

Mr. Schreibman and Ms. Zanetti–Gierke are former spouses. During their marriage in 1977, the parties formed a partnership with Paul Katcher in Missouri. The objectives of the partnership were to build a showroom in Kansas City, Missouri, and to exhibit, market, and sell giftware. Under their partnership agreement, the three partners were to split commissions and expenses.

Mr. Schreibman and Ms. Zanetti–Gierke's divorce was granted in the District Court of Johnson County, Kansas, and became effective in 1982. Their separation agreement, which was incorporated in the divorce decree, provided for continuing the partnership with the same partners and for dividing the commissions among the partners. The separation agreement also contained provisions for child support and custody, and each spouse's waiver of support and maintenance.

In 1989 Mr. Schreibman sued Ms. Zanetti–Gierke and Mr. Katcher in Missouri state court on claims relating to mishandling the partnership and failure to pay him commissions. After a five-week jury trial in May and June 1993, Mr. Schreibnan received favorable verdicts against Mr. Katcher and Ms. Zanetti–Gierke. The jury returned verdicts against Mr. Katcher for fraudulent misrepresentation, conversion, breach of contract, and breach of partnership agreements. The judgments against Mr. Katcher totaled

Overland Park, Kansas. The plaintiff appears by his attorney, Timothy J. Sear of Polsinelli, White, Vardeman & Shalton, Overland Park, Kansas. On December 5, 1996, the Court granted Mr. Sear and his law firm leave to withdraw as the plaintiffs counsel.

$1,138,230 for actual damages and $550,000 for punitive damages. Mr. Schreibman also obtained a $390,000 judgment against Ms. Zanetti–Gierke for breach of the partnership provisions in the separation agreement. Shortly after entry of that judgment, Ms. Zanetti–Gierke filed her Chapter 7 bankruptcy petition on July 23, 1993.

## ADVERSARY COMPLAINT

Mr. Schreibman's adversary proceeding centers on that $390,000 judgment. In his amended complaint, Mr. Schreibman asserts that Ms. Zanetti–Gierke, while acting as the partner responsible for receiving, accounting for, and disbursing partnership proceeds, failed to pay him his share of the partnership commissions in violation of the partnership and separation agreements. Mr. Schreibman also claims that Ms. Zanetti–Gierke conspired to deprive him of his fair share of commissions; that she wrongly withheld and converted partnership proceeds from 1985 to 1990; that she embezzled partnership funds; that she willfully, wantonly, and maliciously misappropriated partnership proceeds.

In Count I of his amended complaint, Mr. Schreibman objects to discharge of the $390,-000 debt on the judgment against Ms. Zanetti–Gierke. He asserts that the judgment represents a nondischargeable debt obtained through fraud under 11 U.S.C. § 523(a)(2); fraud or defalcation in a fiduciary capacity, embezzlement, and larceny under § 523(a)(4); and willful and malicious injury under § 523(a)(6). He further claims that the $390,000 judgment constitutes alimony, maintenance, or support that is nondischargeable under § 523(a)(5). Supporting that claim, Mr. Schreibman alleges that the parties had considered that the source of family support would be the partnership business. In Count II, Mr. Schreibman maintains that discharge should be denied under § 727(a)(2), (3), and (5) for destroying documents, falsifying records, improperly transferring property, concealing property, and failing to account for property. Ms. Zanetti–Gierke contends that she is entitled to summary judgment on each claim.

## DISCUSSION

### (A) Summary Judgment Standard

Summary judgment is appropriate when the record as a whole shows that no genuine issue of material fact remains and that the moving party is entitled to judgment as a matter of law. Fed. R. Bankr.P. 7056 and Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying the portions of the record that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### (B) Collateral Estoppel and the § 523(a)(2), (4), and (6) Claims

■ Asserting entitlement to summary judgment, Ms. Zanetti–Gierke first contends that collateral estoppel bars the claims for discharge exceptions under § 523(a)(2), (4), and (6). In support, she maintains that the identical claims were raised and litigated in the Missouri state court proceeding. Ms. Zanetti–Gierke asserts that in the Missouri lawsuit she was "acquitted" on counts of fraudulent misrepresentation, conversion, and tortious interference with business relationships. On the willful and malicious conduct claim under § 523(a)(6), Ms. Zanett–Gierke submits that the jury's failure to award punitive damages against her in the state court litigation requires application of collateral estoppel.

■ Applicable to § 523(a) discharge exception proceedings, the doctrine of collateral estoppel precludes retrial of factual issues which have been actually litigated and determined in an earlier litigation in a non-bankruptcy court. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Collateral estoppel precludes a bankruptcy court from relitigating a factual issue if: (1) the parties actually litigated the issue in the prior action; (2) the prior court's determination of that issue was necessary to the resulting final and valid judgment; and (3) the issue to be precluded is the same as that involved in the prior action. *Hill v. Horst (In re Horst),* 151 B.R. 563, 565 (Bankr.D.Kan.1993).

■ To determine fulfillment of the collateral estoppel elements, the bankruptcy court

must usually look to the entire record of the prior proceeding. *Sylvester v. Martin (In re Martin)*, 130 B.R. 930, 943 (Bankr.N.D.Ill. 1991). The jury instructions, verdict, and findings can provide a sufficient basis to satisfy the court's inquiry on whether the factual issues in the prior proceeding were actually litigated, were essential to the judgment, and were identical to the issues to be resolved in the nondischargeability proceeding. *See id.* Here, Ms. Zanetti–Gierke provides the Court with the petition and the judgment, which incorporates the verdict forms, from the Missouri state court action. She also submits Mr. Schreibman's answers to interrogatories and to requests for production from this bankruptcy adversary proceeding.

■ The "actually litigated" standard requires the resolution of a dispute following a full trial on the merits. *In re Martin*, 130 B.R. at 945. Resolution of a dispute necessarily implies submission of the issues to the trier of fact. Here, Ms. Zanetti–Gierke's fails to establish the required element of actual litigation. As Mr. Schreibman points out, Ms. Zanetti–Gierke has mischaracterized the jury's verdicts on the fraud and malicious, willful injury claims as acquittals. Mr. Schreibman insists that he submitted to the jury only one claim against Ms. Zanetti–Gierke: the claim of the breach of the separation agreement. Nothing in the record on which Ms. Zanetti–Gierke relies demonstrates that any claims of fraud, of willful and malicious injury, or for punitive damages against her were actually submitted to the state court jury. The judgment reveals one verdict against Ms. Zanetti–Gierke for breach of the separation agreement and actual damages of $390,000 awarded against her.

Because Ms. Zanetti–Gierke fails to meet the actual litigation requirement, the Court rejects her collateral estoppel arguments, and denies summary judgment on the § 523(a)(2), (4), and (6) claims.

**3.** For purposes of the exceptions to discharge in § 523(a)(4), defalcation is the failure to account for money or property that has been entrusted to one. It is broader than embezzlement or misappropriation. It can be a mere deficit resulting from the debtor's misconduct, even though the

## (C) Section 523(a)(4) Claims for Breach of Fiduciary Duty, Larceny, and Embezzlement

■ In addition to her collateral estoppel argument, Ms. Zanetti–Gierke asserts that State law bars the claim of fiduciary fraud or defalcation under § 523(a)(4). According to Ms. Zanetti–Gierke, no fiduciary duty exists among partners under state partnership law.

■ Section 523(a)(4) excepts from discharge debts for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny. Fraud or defalcation are actionable only if the debtor was a fiduciary of the creditor, whereas embezzlement or larceny are actionable regardless of the debtor's fiduciary status. *Medved v. Novak (In re Novak)*, 97 B.R. 47, 58 (Bankr.D.Kan. 1987). To prevail on a § 523(a)(4) claim of fiduciary fraud or defalcation, the plaintiff must prove that the debtor was a fiduciary of the creditor, and that while acting in a fiduciary capacity, the debtor committed fraud or defalcation [3]. *Id.*

■ The fiduciary capacity contemplated by § 523(a)(4) is limited to relationships arising out of a pre-existing express or technical trust. The requisite trust exists when a state statute defines the relationship as a trust, or when the relationship has the typical attributes of a trust. *In re Novak*, 97 B.R. at 59. The general fiduciary duty of loyalty, good faith, and fair dealing is insufficient to bar discharge of a debt under § 523(a)(4). *Kayes v. Klippel (In re Klippel)*, 183 B.R. 252, 260 (Bankr.D.Kan.1995). The statutory provision delineating partners' accountability as fiduciaries in § 56–321(a), Kan. Stat. Ann. (1994), does not create a technical or express trust. *Arnett v. Weiner (In re Weiner)*, 95 B.R. 204, 206 (Bankr. D.Kan.1989); *In re Novak*, 97 B.R. at 59. Thus, for partners to owe each other fiduciary duties under § 523(a)(4), additional facts in the particular case must establish the existence of an express or technical trust. *In re*

debtor derived no personal gain. It is the slightest misconduct, and it may not involve misconduct at all. Negligence or ignorance may be defalcation. *American Metals Corp. v. Cowley (In re Cowley)*, 35 B.R. 526, 529 (Bankr.D.Kan. 1983).

*Klippel*, 183 B.R. at 260; *In re Weiner*, 95 B.R. at 207. Similarly, under Missouri law, partners are not fiduciaries within the meaning of § 523(a)(4). *Hardesty v. Johnson*, 126 B.R. 343, 346 (E.D.Mo.1991); *Moore v. Holman (In re Holman)*, 42 B.R. 848, 851 (Bankr.E.D.Mo.1984).

The law supports Ms. Zanetti–Gierke's contention that a partner is not a fiduciary under Kansas and Missouri law for purposes of § 523(a)(4). No factual issue remains concerning Mr. Schreibman's reliance on the partnership for creating a fiduciary duty that underlies his § 523(a)(4) claim. Mr. Schreibman fails to present other factors which would support the type of trust necessary for a fiduciary relationship. Consequently, the Court grants summary judgment in favor of Ms. Zanetti–Gierke on the claim of fiduciary fraud or defalcation.

█ Next, Ms. Zanetti–Gierke suggests that her status as a partner precludes the larceny and embezzlement claims under § 523(a)(4). In his amended complaint, Mr. Schreibman alleged that, as a partner, Ms. Zanetti–Gierke deprived him of, withheld, converted, embezzled, and misappropriated his partnership commissions.

█ As a general rule, a partner cannot be guilty of larceny or embezzlement of partnership property. *See Jane M. Draper, Annotation, Embezzlement, Larceny, False Pretenses, or Allied Criminal Fraud by a Partner*, 82 A.L.R.3d 822, 826 (1978). The rule stems from each partner's ultimate ownership of an undivided interest in all partnership property. Thus, none of the partnership property with reference to a particular partner constitutes "property of another" within the meaning of embezzlement and larceny statutes. Because one cannot be convicted of stealing or embezzling one's own property, a partner cannot be convicted of larceny or embezzlement of partnership property. *See id.* at 827–28.

█ For purposes of § 523(a)(4), "larceny" and "embezzlement" are defined by reference to federal common law. *Chemical Bank v. Marcou (In re Marcou)*, 209 B.R. 287, 293 (Bankr.E.D.N.Y.1997). Accordingly, "larceny" means the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner. *Id.; In re Holman*, 42 B.R. at 851. And "embezzlement" is the fraudulent appropriation of property of another by a person to whom that property had been entrusted or into whose hands it has lawfully come. *Hardesty*, 126 B.R. at 347. Embezzlement differs from larceny in that the original taking was lawful. *In re Marcou*, 209 B.R. at 293. Both larceny and embezzlement require the taking of another's property. *Faw v. Wiles (In re Wiles)*, 166 B.R. 975, 981 (Bankr. M.D.Fla.1994).

Here, the allegations of larceny and embezzlement implicated a partner dealing with partnership property. Because Ms. Zanetti–Gierke was a partner and was thus an owner of partnership property, Mr. Schreibman's claims fail as a matter of law. For purposes of § 523(a)(4), a partner cannot steal or embezzle partnership property. *See In re Wiles*, 166 B.R. at 980–81; *In re Holman*, 42 B.R. at 852; *see also Hardesty*, 126 B.R. at 346–7. Consequently, the Court grants summary judgment in Ms. Zanetti–Gierke's favor on the § 523(a)(4) claims of larceny and embezzlement.

### (D) Section 523(a)(5) Claim for Alimony, Maintenance or Support

█ Ms. Zanetti–Gierke challenges the discharge exception in § 523(a)(5) for alimony, maintenance, or support. Relying in part on the parties' waiver of support, she asserts that the obligation under the separation agreement represented a property settlement, and is therefore a dischargeable debt. Nevertheless, she fails to demonstrate entitlement to summary judgment. Controverted factual issues remain concerning the parties' intent and the substance of the agreement. The Court denies summary judgment on the § 523(a)(5) claim.

### (E) Section 727 Claims for Denial of Discharge

The Court will reserve ruling on Ms. Zanetti–Gierke's claims for summary judgment on the § 727 claims for denial of discharge in

Count II of the amended complaint until trial of the remaining § 523 claims.

## CONCLUSION

To recap, the Court grants summary judgment for Ms. Zanetti–Gierke on the § 523(a)(4) claims for fiduciary fraud or defalcation, larceny, and embezzlement in Count I of the amended complaint. The Court denies summary judgment on the claims for fraud in § 523(a)(2), for alimony, maintenance or support in § 523(a)(5), and for malicious and willful injury in § 523(a)(6) in Count I of the amended complaint. The Court reserves ruling on the § 727 claims in Count II of the amended complaint until trial of the remaining § 523 claims.

Further, the Clerk of the Bankruptcy Court has scheduled the final pretrial conference on the remaining claims in the adversary proceeding for **October 8, 1997, at 11:30 a.m.** The parties are directed to submit the final pretrial order at that pretrial conference. **If Mr. Schreibman or his counsel fail to attend the pretrial conference or to submit the final pretrial order, the adversary proceeding will be dismissed without further notice.**

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed. R. Bankr.P. 7052 and Fed.R.Civ.P. 52(a). A judgment reflecting this ruling shall be entered on a separate document in compliance with Fed. R. Bankr.P. 9021 and Fed. R.Civ.P. 58.

IT IS SO ORDERED.