**In re David C. GOLD, Debtor.**

**Richard E. O'CONNELL, as Trustee in Bankruptcy for David C. Gold, Debtor, Plaintiff,**

**v.**

**Sharon GOLD and Steven Godsberg, individually and as Trustees of David C. Gold 1990 Family Trust, Dauntless, Inc., B.S.D. & J., Inc., Regency Real Estate Management Co., Inc., Perceptive Appraisal and Consulting Corp., QRS Real Estate Corp., a/k/a David C. Gold & Company Real Estate, Inc., John Doe, Individually and as Trustee of David C. Gold 1991 Family Trust, ABC, Inc., David C. Gold, Michelle Garber, a/k/a Michelle Goldberg, James J. Goldberg and Keith Garber, Defendants.**

Bankruptcy No. 892–81381–20.
Adv. No. 894–8043–20.

United States Bankruptcy Court, E.D. New York.

March 6, 1996.

Michael Q. Carey, New York City, for plaintiff.

Parson & Brown, Paul M. Brown, New York City, for defendant Dauntless, Inc.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court[1] upon a motion ("Motion") by Dauntless, Inc.

1. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title

("Dauntless" or "Defendant") for an order dismissing the adversary proceeding commenced by Richard E. O'Connell, the chapter 7 trustee ("Trustee" or "Plaintiff") against Dauntless, for failure to state a claim upon which relief can be granted pursuant to Fed. R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(6) and for failure to plead fraud with particularity pursuant to Fed.R.Bankr.P. 7009 and Fed.R.Civ.P. 9(b). or, in the alternative, for summary judgment pursuant to Fed. R.Bankr.P. 7056 and Fed.R.Civ.P. 56. The relief is opposed. For the reasons set forth below, Dauntless' Motion is **DENIED.**

### RELEVANT FACTUAL BACKGROUND

On March 12, 1992, Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code ("Code").

On January 25, 1994, the Trustee filed a summons, verified complaint and an order to show cause with temporary restraining order seeking a preliminary injunction against defendants Sharon Gold, Steven Godsberg, individually and as trustees of the David C. Gold 1990 Family Trust, Dauntless and B.S.D. & J., Inc. As against Dauntless, the Trustee was seeking a preliminary injunction ordering Dauntless to pay into the Court any monies it received from properties that were fraudulently assigned to it by the Debtor.

On April 8, 1994, Dauntless filed a verified answer to the verified complaint.

On April 26, 1994, the Court entered an order granting injunctive relief against defendants Sharon Gold, Steven Godsberg and B.S.D. & J., Inc. and denying injunctive relief against Dauntless.

On August 17, 1994, the Court entered an order granting Plaintiff leave to amend the verified complaint.

On August 19, 1994, the Plaintiff filed his verified amended complaint ("Amended Complaint").

On September 29, 1994, Dauntless filed its verified answer to the Amended Complaint ("Answer").

28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern

The Trustee in the Amended Complaint for his second cause of action, fraudulent conveyances to Dauntless, alleged as follows:

*37. The Trustee repeats and realleges each of the allegations contained in paragraphs 1 through 36, as though fully set forth herein.*

*38. In May, 1991, approximately ten months before he filed the Petition, the Debtor withdrew as the sole general partner of three partnerships and assigned his rights to income produced by the partnerships to Dauntless, Inc. as set forth below.*

*39. On or about May 1, 1991, the Debtor assigned to Dauntless, Inc. his interest in Barbara Associates, a limited partnership, and withdrew as the partnership's sole general partner.*

*40. On or about May 2, 1991, the Debtor withdrew as the sole general partner of Sharon Associates, became a limited partner and assigned to Dauntless, Inc. a 1% interest in the partnership profits.*

*41. On or about May 9, 1991, the Debtor withdrew as the sole general partner of Nydia Associates, became a limited partner and assigned to Dauntless, Inc. a note held by the partnership in the amount of $360,000 together with the mortgage issued to secure the note. (The above described assignments of May 1, 2 and 9, 1993 are hereinafter collectively referred to as the "Assignments").*

*42. At the time of the Assignments, the Debtor had at least 7 lawsuits pending against him seeking in excess of $9,156,-776.70. At least two of these lawsuits resulted in unsatisfied judgments against the Debtor: (1) in the amount of $975,-648.59 dated September 16, 1991 and (2) in the amount of $150,000, [sic] with no entry date provided by the Debtor.*

*43. At the time of the Assignments, the Debtor had incurred and soon thereafter incurred additional unsecured debts that were not the subject of pending lawsuits in an amount to be determined, but believed to be in excess of $5,851,270.22. (See Spreadsheet: Unsecured Debts, Not Sub-*

District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to sections 157(b)(2)(A), (E), (H) and (O) of title 28.

ject to Litigation, Incurred Before Or Shortly After The Assignments, annexed as Exhibit H; see also Ex. E).

44. Each of the Assignments was made without fair consideration.

45. The Assignments rendered the Debtor insolvent or further insolvent.

46. On the dates of the Assignments, the Debtor was engaged in business for which any property remaining with the Debtor after the Assignments was an unreasonably small capital.

47. On the dates of the Assignments, the Debtor knew or had reason to believe the Debtor would incur debts beyond his ability to pay as they matured.

48. The Assignments were made by the Debtor with the intent to hinder, delay and defraud present and future creditors.

49. By reason of the foregoing and pursuant to 11 U.S.C.A. § 544(b) and New York Debtor and Creditor Law §§ 270 et seq., the Trustee is entitled to set aside or attach the Assignments as fraudulent conveyances.

On February 28, 1995, Dauntless filed a notice of motion, application, affidavit, memorandum of law and statement pursuant to Rule 22(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York in support of its Motion.

On September 8, 1995, the Trustee filed an affidavit, memorandum of law and statement pursuant to Rule 22(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York in opposition to the Motion.

On December 5, 1995, Dauntless filed a reply affidavit in support of its Motion.

On December 12, 1995, the Trustee filed a supplemental affidavit in opposition to the Motion ("Supplemental Affidavit").

On December 14, 1995, Dauntless filed a reply to the Trustee's supplemental affidavit ("Reply to Supplemental Affidavit") [2].

On December 14, 1995, a hearing was held concerning the Motion.

## DISCUSSION

The Motion by Dauntless seeks an order dismissing the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, granting Dauntless summary judgment pursuant to Fed.R.Civ.P. 56. The Court will first address Dauntless' request for relief pursuant to Fed.R.Civ.P. 12(b)(6). Inasmuch as Dauntless has already served its Answer to the Amended Complaint, the Motion shall be treated as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). *Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 53 (2nd Cir.1985).

Fed.R.Civ.P. 12(c) provides:

(c) *Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

The standard under Fed.R.Civ.P. 12(c) is the same as that which is used for dismissing a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) in that a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2nd Cir.), cert. denied, — U.S. —, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). "In addition, a court should not dismiss a complaint for failure to state a claim 'unless it appears beyond

2. Dauntless contends that the Court should not consider the Trustee's Supplemental Affidavit in that the filing of the Supplemental Affidavit was untimely and improper under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure. Inasmuch as Dauntless has had an opportunity to respond to the Supplemental Affidavit, the Court will consider the Trustee's Supplemental Affidavit and Dauntless' Reply to Supplemental Affidavit where appropriate in connection with the determination of the Motion.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Ad–Hoc Comm. of the Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2nd Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ Under Fed.R.Civ.P. 12(c), judgment on the pleadings is appropriate where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings. *Sunrise Indus. Joint Venture v. Ditric Optics, Inc.*, 873 F.Supp. 765, 769 (E.D.N.Y.1995) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2nd Cir.1988)).

The Trustee in the Amended Complaint seeks to set aside as fraudulent, the Debtor's assignment, in May 1991, of his general partnership interests in Sharon Associates ("Sharon"), Barbara Associates ("Barbara") and Nydia Associates ("Nydia") (collectively, the "Assignments") to Dauntless pursuant to section 544(b) of the Code [3] and article 10 of the New York Debtor and Creditor Law.

Dauntless contends that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted upon several grounds. Dauntless argues that at the time of the Assignments the Debtor's partnership interests had no value, and therefore, the conveyance of those interests could not have had an impact on the Debtor's solvency. Thus, Dauntless argues, the Court should find as a matter of law that the transfers were not fraudulent and the Trustee states no claim for relief.

The Trustee alleges that the Assignments rendered the Debtor insolvent within the meaning of New York Debtor and Creditor Law section 273.[4]

■ Contrary to Dauntless' contention, the issue as to the value of the Debtor's general partnership interests at the time of the Assignments cannot be determined on the face of the pleadings. The Trustee has alleged that the Assignments rendered the Debtor insolvent or further insolvent which Dauntless denies. The issue must be resolved for the purposes of the Motion in the Trustee's favor.

Dauntless also contends that the Trustee's claim must fail because Dauntless accepted the Assignments in good faith and for fair consideration and Dauntless further contends that the conveyances were not made with actual intent to hinder, delay or defraud creditors within the meaning of sections 272,[5] 273, 273–a [6], 274 [7],

---

**3.** Section 544(b) of the Code provides in relevant part:

> *(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.*

**4.** New York Debtor and Creditor Law section 273 provides:

> *Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.*

**5.** New York Debtor and Creditor Law section 272 provides:

> *Fair consideration is given for property, or obligation,*
> *a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in*

good faith, property is conveyed or an antecedent debt is satisfied, or
> *b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.*

**6.** New York Debtor and Creditor Law section 273–a provides:

> *Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.*

**7.** New York Debtor and Creditor Law section 274 provides:

> *Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capi-*

275 [8] and 276 [9] of the New York Debtor and Creditor Law.

■ The Trustee alleges that: (1) the Assignments were made without fair consideration; (2) the Assignments rendered the Debtor insolvent or further insolvent; (3) the Assignments were made while the Debtor was a defendant in actions for money damages; [10] (4) on the dates of the Assignments, the Debtor was engaged in business for which any property remaining with the Debtor after the Assignments was an unreasonably small capital; (5) on the dates of the Assignments, the Debtor knew or had reason to believe the Debtor would incur debts beyond his ability to pay as they matured; [11] (6) the Assignments were made by the Debtor with the intent to hinder, delay and defraud present and future creditors. Taking the allegations to be true, the Amended Complaint adequately states a claim upon which relief can be granted and therefore Dauntless' Motion pursuant to Fed.R.Civ.P. 12(c) is denied.

Dauntless also contends that the Trustee has failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b) made applicable herein by Fed.R.Bankr.P. 7009.

Fed.R.Civ.P. 9(b) provides in relevant part:
> (b) *Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.*

■ The requirements of Fed.R.Civ.P. 9(b) apply to allegations of fraudulent conveyance under the New York Debtor and

Creditor Law. *See Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 251 (2nd Cir.1987); *Barclays Bank of New York v. Goldman,* 517 F.Supp. 403, 416 (S.D.N.Y. 1981).

The Second Circuit has stated that:
> *The particularity requirement of Rule 9(b) is designed to further three goals: (1) to provide a defendant with fair notice of the plaintiff's claim, (2) to protect a defendant from harm to his or her reputation or goodwill, and (3) to reduce the number of strike suits.*

*Cosmas v. Hassett,* 886 F.2d 8, 11 (2nd Cir. 1989).

■ After reviewing the Amended Complaint, the Court finds that the Trustee has complied with Rule 9(b). The Amended Complaint contains specific allegations as to the fraudulent conveyances indicating the parties to the Assignments, the assets that were conveyed, the terms of the conveyances and the Debtor's financial status at the time of the Assignments and thereafter. The Amended Complaint also contains allegations that there were lawsuits pending against the Debtor, two of which resulted in unsatisfied judgments against the Debtor. Thus, Dauntless was provided with fair notice of the Trustee's claim as required by Rule 9(b).

Dauntless seeks further relief pursuant to Fed.R.Civ.P. 56 made applicable herein pursuant to Fed.R.Bankr.P. 7056.

Under Fed.R.Civ.P. 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

tal, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

**8.** New York Debtor and Creditor Law section 275 provides:

> *Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.*

**9.** New York Debtor and Creditor Law section 276 provides:

> *Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.*

**10.** Specifically, the Trustee alleges that at the time of the Assignments, the Debtor had at least seven lawsuits pending against him seeking in excess of $9,156,776.70.

**11.** The Trustee alleges that at the time of the Assignments, the Debtor had incurred and soon thereafter incurred additional unsecured debts in an amount believed to be in excess of $5,851,-270.22.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The alternative ground for relief sought by the movant must be denied. Various issues of fact exist which preclude the granting of summary judgment herein.

■ The value of the Debtor's interests in the three partnerships at the time of the Assignments as well as the value of the consideration given by Dauntless in exchange for the Assignments present significant factual disputes. The Trustee has submitted sufficient evidence to create questions in the mind of the Court with respect to these issues and therefore as the Court is unable to rule that no genuine issues of material fact exist, the Court hereby denies Dauntless' request for relief pursuant to Fed.R.Civ.P. 56.

For the reasons set forth, the Court hereby **DENIES** the Motion in its entirety.

**SO ORDERED.**