**In re Eric STEINER, Debtor.**

**William L. HANDLER and Karen J. Handler, Plaintiffs,**

v.

**Eric STEINER, Defendant.**

Bankruptcy No. 095–7057–511.
Adversary No. 094–71665–511.

United States Bankruptcy Court, E.D. New York.

May 29, 1996.

Pinks Brooks & Arbeit, Hauppauge, NY by Robert S. Arbeit, for Plaintiffs.

Sidney Holzer, Huntington, NY, for Defendant.

## OPINION

MELANIE L. CYGANOWSKI, Bankruptcy Judge.

Eric Steiner (the "Debtor" or "Steiner") filed a voluntary petition for relief under Chapter 7 on July 8, 1994, and the first meeting of creditors was scheduled for August 30, 1994. Accordingly, the date by which creditors must file an objection to discharge or dischargeability was fixed at October 31, 1994, and creditors were so notified.

On October 28, 1994, counsel for William and Karen Handlers ("Plaintiffs" or "Handlers") filed with the Court a document entitled "Motion for Extension of Time to Object to Discharge or Dischargeability." There was no notice of motion or return date and, therefore, no hearing was scheduled or held. However, on December 5, 1994, counsel for the Handlers and counsel for the Debtor executed a stipulation, which provided in part as follows:

> The Debtor hereby waives any and all objections and agrees to Movants' request for an extension of Debtor's [sic] Time to Object to Discharge or Dischargeability of Debtor's debt to Movants from October 31, 1994 to February 28, 1995.

For reasons known only to the parties, the stipulation was not filed with the Court until February 13, 1995. It was "So–Ordered" by the Court on February 15, 1995.

On February 27, 1995, one day prior to the "bar date," counsel for both parties executed another stipulation, which provided, in part:

> 1) Debtor hereby waives any and all objections and agrees to Movants' request for an extension of time to object to the Discharge or Dischargeability of Debtor's debt to Movants, from February 28, 1995 and shall be extended to and including March 31, 1995.

The stipulation, forwarded to the Court by Plaintiff's counsel, was not filed until March 27, 1995. In the meantime, on March 24, 1995, the Court entered an Order discharging the Debtor from all dischargeable debts. When the Court received the stipulation purporting to extend time to file a complaint objecting to discharge and dischargeability, it endorsed the stipulation on March 29, 1995 as follows:

> The enclosed stipulation was not filed with the Court until March 27, 1995. In the interim, the discharge issued on March 24, 1995. Accordingly, the Court denies the parties' request to extend the time to object to discharge. The Court will extend the time to file a complaint objecting to dischargeability until March 31, 1995. So Ordered.

Neither party appealed the March 29th Order.

On March 31, 1995, the Handlers filed the instant adversary proceeding, together with a motion which sought (i) an Order vacating that portion of the March 29th Order which denied the Handlers' request for an extension of time to file a complaint pursuant to 11 U.S.C. § 727, and (ii) an Order granting the Handlers an extension of time to April 28, 1995 for the Handlers to file a § 727 complaint. The Debtor opposed the motion, and the Court heard oral argument on April 24, 1995. Plaintiffs' counsel's explanation for the failure to file the stipulation with the Court prior to March 27, 1995 was as follows:

> Until a week ago I was still puzzled as to what caused the delay in the Court receiving the stipulation in a timely fashion. The explanation seems to be that my former secretary did not follow through on the instructions given to her. Annexed hereto as exhibit 3, is the Fedex invoice which indicated that a package was shipped to the United States Bankruptcy Court ... on March 24, 1995. I have tried to enquire [sic] about this from my former secretary but she has not returned my phone calls.

Pl. Reply, ¶ 9.

After hearing oral argument, the Court denied the Handlers' motion, and an order to that effect was entered on May 8, 1995. That Order was not appealed.

The adversary complaint, filed on March 31, 1995, alleges that the Handlers and Steiner were "co-shareholders" of Corporate Art International, Inc. ("CAI"), and jointly and severally guaranteed a note which CAI gave to Vinings Bank & Trust, N.A. ("Vinings"). It further alleges that Steiner was a principal officer and director of CAI from March 1, 1990 through July 27, 1992. The complaint contains six "counts." The first four seek to bar Steiner's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), (a)(5) and (a)(6)(A). Count Five, entitled "Revocation of Discharge" alleges

> 28. On or about March 3, 1995, counsel for the Plaintiffs had delivered to the Clerk ... a motion to extend time to object to Defendant's discharge or dischargeability of Defendant's liabilities to Plaintiff, with stipulation agreed to by counsel for the Defendant consenting to extending the bar date through March 31, 1995.
>
> 29. The said motion was timely under Bankruptcy Rule 4004(b) and was made "with cause", because Defendant had failed to produce all financial documents required by the Order entered November 9, 1994, herein.
>
> 30. The Plaintiffs relied upon the motion and stipulation by counsel for the Defendant in deferring filing a complaint against Defendant under 11 U.S.C. § 523 and § 727.
>
> 31. By Order dated March 24, 1995, the Court discharged Defendant from all debts to Plaintiffs.
>
> 32. The Defendant is estopped to assert the causes of action in this Complaint are time-barred.
>
> 33. Alternatively, the Plaintiffs move for revocation of the March 24, 1994 discharge order, because the Defendant has (a) intentionally and willfully failed to comply with the Order entered November 9, 1994, on production of financial documents, and (b) failed to account for all art and personal property described in Exhibits A and B attached hereto.

Count Six, entitled "Conversion," alleges that the Handlers paid Vinings $176,000 based on their guaranty of CAI's debt. It alleges that a corporate officer who actively participates in conversion of property which is subject to the security interest of a third party is liable under 11 U.S.C. § 523(a)(6), that Steiner breached his fiduciary duty to the Handlers by personally converting CAI's property, and that Steiner, as an officer of CAI, has converted over $40,000 of CAI's art inventory, increasing the Handlers' guaranty liability by the same amount. It further alleges that Steiner "has arranged for a new corporation to auction art that was inventory of CAI without compensation to CAI." The complaint seeks damages and a declaration that any debt owed to the Handlers is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6).

Steiner's answer denies the material allegations of the complaint and raises affirmative defenses: (a) as to the claims under 11 U.S.C. § 727, the complaint must be dismissed because untimely filed; (b) as to the claim under 11 U.S.C. § 523 (count "6" of the complaint), the complaint was not timely filed pursuant to Fed. R. Bankr.P. 4007; and (c) the allegations contained in "count 6" do not state a claim upon which relief may be granted.

Now pending before the Court is Steiner's motion to dismiss the complaint in its entirety. With respect to the claims alleged under § 727, Steiner contends that the Court denied Plaintiffs' application for an extension of time to object to discharge by Order dated May 8, 1995. As that Order was not appealed, Steiner contends that those claims are time-barred.

As to the sixth count, Steiner argues that the complaint fails to set forth sufficient facts to constitute a viable cause of action pursuant to either subsection (a)(4) or (a)(6), because the complaint is "unsupported by any averment of fact." In addition, Steiner argues that the claim is also time-barred as the time lapsed on February 28, 1995 and the complaint was not filed until March 31, 1995. In making this argument, Steiner acknowledges that the parties had executed the stipulation extending the time on February 27, prior to the expiration of time set in the prior Court order. Because the stipulation was not filed with the Court prior to the expiration of the bar date, however, Steiner argues that the Court's March 29th Order extending time until March 31 was in error, as "this court did not have the authority to grant the Plaintiffs any enlargement of time to commence an action."

The Handlers, by new counsel, have opposed "that part of the debtor's motion which seeks an order dismissing count 6 of the ... complaint." First, the Handlers contend that pursuant to the February 27th stipulation, Steiner waived any and all objections to the extension through March 31st. They argue that "the Debtor should not be heard to complain of said extension since the debtor himself consented to the extension." In addition, the Handlers contend that the complaint, when read in its entirety and together with its exhibits, clearly sets forth a cause of action.

## DISCUSSION

### A. Counts One Through Four

As set forth above, the first four claims for relief seek to bar the Debtor's discharge. The time to file such a complaint expired on February 28th. The discharge issued March 24th. By stipulation filed with the Court on March 27th, the parties requested an extension until March 31st. By Order dated March 29th, the Court denied that request. The Handlers then sought to vacate that portion of the March 29th Order which denied their request, and on May 8th, the Court denied their motion.

The Handlers have not appealed either the March 29th Order or the May 8th Order. In addition, they have not filed any opposition to that branch of the present motion which seeks to dismiss the claims under § 727(a).

Finality demands that this Court grant the Debtor's motion. The first four causes of action are therefore dismissed.

### B. Count Five

Steiner's motion makes no distinction among the five claims alleged pursuant to 11 U.S.C. § 727 and argues that they are all time-barred. The Court notes, however, that Count 5 seeks *revocation* of the discharge based upon § 727(d). That section provides:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

Pursuant to § 727(e), a creditor may request revocation of a discharge under § 727(d)(1) within a year after the discharge is granted, or under subsections (d)(2) or (d)(3), within a year after the discharge is granted or the case is closed, whichever is later. As the discharge issued only a week before the complaint was filed, any claim seeking revocation of the discharge is timely. Therefore, Steiner's motion, to the extent that it seeks dismissal of the fifth claim on the ground of timeliness, is denied.

### C. *Count Six*

#### 1. *Timeliness*

Bankruptcy Rule 4007(c) states:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Here, there is no dispute that the parties executed the stipulation extending the time fixed under this rule prior to its expiration. Because the stipulation was not filed with the Court until after the time had expired, however, the critical inquiry is whether the motion was timely "made".

■ Courts have disagreed as to whether the failure of a party to file a complaint seeking the determination of dischargeability pursuant to 11 U.S.C. § 523 within the period prescribed by Bankruptcy Rule 4007 is jurisdictional or a defense subject to equitable considerations. *See In re Dombroff,* 192 B.R. 615, 618–20 (S.D.N.Y.1996), for a thoughtful and comprehensive review of the caselaw across the jurisdictions. For those courts which fall in the former category, the failure to timely act is a fatal defect that cannot be waived by the parties or, for that

matter, even entertained by a court. *See, e.q., In re Dombroff, supra* at 618 fn. 5–6, 11 (and cases cited therein); *In re Barley,* 130 B.R. 66 (Bankr.N.D.Ind.1991) (failure to timely file complaint extinguished creditors' cause of action even though debtor did not challenge issue of timeliness); *In re Kirsch,* 65 B.R. 297 (Bankr.N.D.Ill.1986) (same result even though debtor did not raise timeliness issue until after trial); *In re Booth,* 103 B.R. 800, 802 (Bankr.S.D.Miss.1989) ("Because Rules 4007(c) and 9006(b) provide a jurisdictional basis for complaints objecting to dischargeability under Section 523(c), there can be no waiver for objecting to the timeliness of the complaint"). On the other hand, those courts which fall in the latter group hold that the time limits may be subject to certain equitable defenses. *See, e.g., In re Dombroff, supra* at 618 fns. 7, 12 (and cases cited therein); *In re Santos,* 112 B.R. 1001, 1006 (9th Cir. BAP 1990) ("Any equitable doctrines must be applied in a manner consistent with the plain language of the rules and the purposes served by those rules and with a mind to the strict construction of the rules consistently followed in the Ninth Circuit").

This Court agrees with the analysis set forth in *In re Dombroff* and holds that the time limits delineated in Bankruptcy Rule 4007(c) are not jurisdictional. Accordingly, they may be subject to certain equitable defenses, including the defenses of estoppel and waiver.

■ As the Bankruptcy Appellate Panel explained in *In re Santos,*

Equitable estoppel requires reasonable reliance on a defendant's words or conduct in forbearing suit within the applicable limitations period.... [T]he application of estoppel is independent of the language of the statute and takes its life from the principle that no person will be permitted to profit from his or her wrongdoing in a court of justice.

112 B.R. at 1007 (citation omitted). There is no issue here of any wrongdoing by the Debtor with respect to the limitations period. Nonetheless, when the doctrine of estoppel is applied to the matter at hand, it is clear that the Handlers forbore on commencing suit in

reliance upon the stipulation signed by the Debtor. Under the circumstances, that reliance was reasonable.[1]

Here, the stipulation extending the time within which the Handlers might file a dischargeability complaint was signed by the Debtor on February 27, 1995, one day prior to the expiration of the time. Accordingly, the Court holds that the Debtor is equitably estopped from asserting that the dischargeability complaint was not timely filed pursuant to Bankruptcy Rule 4007.

### 2. *Judgment on the pleadings*

■ The Debtor does not delineate his statutory basis for the motion to dismiss. However, where both parties have filed their pleadings prior to the motion, as they have here, the Court will treat the motion as one under Rule 12(c) of the Federal Rules of Civil Procedure.[2] *Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49 (2d Cir.1985); *In re Gold,* 192 B.R. 605, 608 (Bankr.E.D.N.Y.1996). The standard applied is the same as that applicable to a motion made under Fed.R.Civ.P. 12(b): that is, the motion may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. *Falls Riverway Realty. Inc., supra; Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). The Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-movant. *Gold, supra,* at 608. Judgment on the pleadings is appropriate where material facts are not in dispute and a judgment on the merits is possible merely by considering the pleadings. *Sunrise Indus. Joint Venture v. Ditric Optics. Inc.,* 873 F.Supp. 765 (E.D.N.Y.1995).

The Court agrees with plaintiffs' argument that, when read in the context of the complaint and its exhibits, the sixth claim sets forth a cause of action. It may be that the Handlers will not be able to prove their claim by a preponderance of evidence at trial. As noted, however, that is not the standard.

### CONCLUSIONS

1. This Court has jurisdiction over the subject matter and the parties to this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (I) and (J). Venue is proper. 28 U.S.C. § 1408.

2. The first four causes of action set forth in the complaint are time-barred and therefore dismissed.

3. The Fifth Cause of Action set forth in the complaint is timely.

4. Because the Debtor-defendant is equitably estopped from asserting otherwise, the Sixth Cause of Action set forth in the complaint is timely.

5. The Sixth Cause of Action set forth in the complaint sets forth a claim upon which relief may be granted. Defendant's motion for judgment on the pleadings is therefore denied.

Debtor-defendant's counsel to settle Order and Judgment.

---

1. *Cf. In re Santos,* 112 B.R. at 1007–1008. In contrast to the Ninth Circuit, the Court of Appeals for the Second Circuit and the courts for the Eastern District of New York have consistently recognized that "there is 'no particular form of words [which] is necessary to render a filing a 'motion.'" *Baines v. Shapiro,* No. 93 Civ. 5201(TCP), 1994 WL 901651 (E.D.N.Y. April 14, 1994) (citing *Campos v. LeFevre,* 825 F.2d 671, 676 (2d Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 667 (1988)); *see also In re Friscia,* 123 B.R. 9, 11 (Bankr.E.D.N.Y. 1991). In part for this reason, Chief Judge

Thomas C. Platt cited the words of Chief Bankruptcy Judge Conrad B. Duberstein for the notion that "to judge the timeliness of such a motion [under Rule 4007] by its filing date would be a 'draconian interpretation of a straightforward procedural rule and contrary to the plain language of the statute.'" *Baines v. Shapiro, supra* at 5 (citing *In re Friscia,* 123 B.R. at 12).

2. Fed.R.Civ.P. 12(c) is made applicable to this proceeding by Fed. R. Bankr.P. 7012.