In re James MARCOU, Debtor.

CHEMICAL BANK, Plaintiff,

v.

James MARCOU, Defendant.

Bankruptcy No. 095–72462–511.
Adversary No. 095–7198–511.

United States Bankruptcy Court,
E.D. New York.

May 1, 1997.

Upton, Cohen & Slamowitz by Michael G. McAulifee, Syosset, NY, for Plaintiff.

Macco Hackeling & Stern by C. Stephen Hackeling, Huntington, NY, for Defendant.

### DECISION & ORDER

#### *(Motion to Dismiss First Amended Complaint)*

MELANIE L. CYGANOWSKI,
Bankruptcy Judge.

By Notice of Motion, dated August 12, 1996, the Debtor–Defendant seeks an order pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7012(b)(6) granting judgment in his favor and dismissing the amended complaint. The plaintiff, Chemical Bank ("Chemical"), opposes the motion. A hearing was held on September 9, 1996, following which the Court reserved decision.

The prior proceedings in this adversary proceeding are unusual in that a great deal of effort has, to date, brought about little progress insofar as the merits are concerned. In brief, the history of this case is as follows.

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 31, 1995. A no-asset report was filed by the Trustee on October 25, 1995. Chemical timely commenced this adversary proceeding by filing a complaint on November 22, 1995. A summons was issued on that date but not served within ten days as required by FRBP 7004(f). For that reason, the Debtor sought dismissal of the complaint by notice of motion, dated December 14, 1995. Because a supplemental summons issued on December 20, 1995 and was served on the next day, the Court denied the Debt-

or's motion when it was heard on January 17, 1996 and extended his time to answer the complaint. On January 31, 1996, the Debtor timely filed his answer.

By notice of motion, dated February 2, 1996, Chemical sought the grant of summary judgment as to its first claim for relief based on the doctrine of collateral estoppel.[1] The Debtor opposed the motion. Following a hearing held on April 10, 1996, the Court denied the bank's motion in a decision rendered from the bench. *See* Order dated April 29, 1996.

By notice of motion, dated May 16, 1996, Chemical sought an order permitting it to amend the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 15 and FRBP 7015. The proposed amended complaint was identical to the first, except that it added a claim alleging that the Debtor obtained plaintiff's property by larceny. Prior to the hearing, the Debtor agreed to permit the amended complaint to be filed and a stipulation was thereupon entered into by the parties. *See* Stipulation and Order, dated May 17, 1996. The Debtor filed an answer to the amended complaint on June 3, 1996.

### The Pleadings

The first claim in the amended complaint seeks a determination that a debt allegedly owing the bank in the sum of $78,621.98 should be declared non-dischargeable under § 523(a)(2)(A). Specifically, the complaint alleges that:

5. On or about and between October 10, 1987 and May 24, 1991, defendant was an officer and shareholder of Mr. Outboard Inc.

6. On or about and between October 10, 1987 and May 24, 1991, defendant was an officer and shareholder of Mr. Outboard of Commack Inc.

7. Commencing in or about July of 1990, the defendant engaged in a fraudulent scheme to convert, divert, and/or secrete funds from plaintiff for his own use and benefit (the "Scheme").

8. Pursuant to the Scheme, the defendant accepted the trade-in of vessels upon which plaintiff helds [sic] liens (the "collateral").

9. Pursuant to the Scheme, the defendant represented to his customers that said customer obligations which were secured by the liens in favor of Chemical Bank, would be satisfied.

10. Pursuant to the Scheme, the defendant engaged in private and/or public sales of the collateral to unknown persons without satisfying the obligations of said customers.

Compl't ¶¶ 5–10.[2] Paragraph 11 of the complaint identifies eight specific accounts allegedly affected by the scheme, in the aggregate sum of $128,621.98. As a result of the alleged wrongful conduct of the defendant, the bank claims that it was damaged in excess of $78,621. Compl't ¶¶ 11–13. The bank also alleges that the debt should be declared non-dischargeable because the

above described actions of defendant resulted in the obtaining of extensions of money from plaintiff by false pretenses and/or false representations and/or actual fraud.

Compl't ¶ 15.

The second claim seeks relief under § 523(a)(4) and consists of two paragraphs. The first paragraph simply realleges all of the preceding paragraphs, and the second paragraph alleges that the

above described actions of defendant resulted in defendant obtaining property of plaintiff's by larceny.

Compl't ¶ 17.

The third claim seeks relief under § 523(a)(2)(A) and alleges that the Debtor assigned to the bank a retail installment contract between his company, as the seller, and Leon Wysocki, as the purchaser, in which the Debtor warranted that the vessel referenced in the retail installment contract

---

1. The thrust of Chemical's motion was that, because the Debtor had pled guilty to one count in a nine-count, multi-defendant indictment, he *should be estopped from challenging the nondischargeability of the debt owing to the bank.*

2. All references herein to the "complaint" are to the "amended complaint," dated April 23, 1996.

had been delivered to the buyer. Compl't ¶¶ 19–20. That warranty was allegedly false and caused damage to the bank in the sum of $17,938.33. Compl't ¶¶ 21–22. The bank therefore seeks a judgment for damages and a declaration that the debt should be declared non-dischargeable. Compl't ¶ 23.

In his answer filed on June 3, 1996, the Debtor denies all material allegations, except for paragraph 21.[3] Paragraph 21 is part of the third claim and reads as follows:

> 21. That at the time of making the warranty, the warranty was false and known by defendant to be false.

### DISCUSSION

#### A. The Governing Standard of Review

■ In his notice of motion and supporting papers, the Debtor claims that he is seeking dismissal of the amended complaint pursuant to FRBP 7012(b). In like fashion, the bank's response is directed to the Debtor's motion "pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure." However, where both parties have filed their pleadings prior to the motion, as they have here, the Court will treat the motion as one under Rule 12(c) of the Federal Rules of Civil Procedure.[4] *Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir.1985); *In re Gold*, 192 B.R. 605, 608 (Bankr.E.D.N.Y.1996). The standard applied is the same as that applicable to a motion made under FRCP 12(b) and, accordingly, there is no prejudice to either party. That is, a motion under FRCP 12(c) may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. *Falls Riverway Realty, Inc., supra; Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). The Court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-movant.

*Gold, supra*, at 608. Judgment on the pleadings is appropriate where material facts are not in dispute and a judgment on the merits is possible merely by considering the pleadings. *Sunrise Indus. Joint Venture v. Ditric Optics, Inc.*, 873 F.Supp. 765 (E.D.N.Y.1995).

#### B. The Contentions of the Parties

#### 1. Dismissal of the Complaint

The Debtor argues that the bank's first claim for relief must be dismissed because it fails to allege that:

> (a) the Debtor made a false representation that he knew was false at the time that it was made;
>
> (b) the representation was made with the intent and purpose of deceiving the bank; and
>
> (c) the bank justifiably relied on the alleged representation.

Indeed, the Debtor points out that the complaint is devoid of any allegation that he made any representation to the bank; rather, the only allegation is that the "defendant represented to *his customers* ..." *See* Compl't ¶ 9 (emphasis added). With the bank having failed to allege that he made any representation to it, truthful or otherwise, the Debtor urges that the bank can hardly contend that he intended by his words to deceive it or that it somehow justifiably relied upon his words. For these reasons, the Debtor contends that the first claim should be dismissed for failure to plead the elements necessary for a cause of action premised on 11 U.S.C. § 523(a)(2)(A)

The Debtor urges that the second claim for relief must also be dismissed because it fails to allege, as required under 11 U.S.C. § 523(a)(4), that the alleged wrongful taking of property was done with the intent to deceive or convert the property from the rightful owner.

---

**3.** In his answer, the Debtor denies the allegations set forth in ¶¶ 7–12, 15, 17, 19, 20 and 22–23. He also alleges having insufficient knowledge or information to form a belief as to the allegations contained in ¶¶ 1–14. No answer was given with respect to ¶¶ 16, 18 or 21. As to these, paragraphs 16 and 18 of the amended complaint "repeat[] and reallege[] the allegations" of prior paragraphs.

**4.** FRCP 12(c) is made applicable to this proceeding by FRBP 7012.

Finally, with respect to the third claim for relief, the Debtor urges that it too must fall as it fails to allege:

(a) that the alleged representation was false and made with the intent and purpose of deceiving the bank;

(b) that the bank justifiably relied on the alleged misrepresentation;

(c) what warranties were in fact made by the defendant, whether they were oral or written, or whether the bank even relied upon the warranties; and

(d) what value was given with respect to the alleged assignment of contract.

In opposing the motion, the bank points out that the Debtor signed a confession of judgment, dated August 14, 1991, as part of the resolution of a state court action then pending. The confession of judgment[5] is annexed as an exhibit to the proof of claim filed by Chemical in this case and states, in relevant part, that

defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the sum of $78,-621.98.... Defendants received the sum of $128,621.98 from the plaintiff on or about July, 1989 and confesses judgment of the unpaid sum of $78,621.98.

*See* Exhibit A to Chemical's Opposition ("Opp."). The confession of judgment bears a caption that names multiple parties, including the Debtor, as defendants. *Id.*

In its opposition, Chemical argues, for the first time, that an obligation that arises out of a settlement agreement of a civil action may not be discharged in bankruptcy where the agreement extinguished a claim originally arising out of fraud or defalcation. Even assuming this is the case, however, such an allegation is conspicuously missing from the amended complaint. All that the amended complaint avers is that a confession of judg-

ment was entered into in the sum of $78,-621.98 on or about September 19, 1991. *See* Compl't ¶¶ 13-14. The confession of judgment is not annexed to the complaint. There is no description or allegation concerning the civil action in which it was entered. There is not even the barest of allegations that the prior civil action was based upon claims arising out of fraud or defalcation.

Moreover, the amended complaint refers to an alleged fraudulent scheme that the defendant engaged in "[c]ommencing in or about July of 1990." Compl't ¶ 7. As noted above, the confession of judgment refers to the defendants therein having "received the sum of $128,621.98 from the plaintiff *on or about July, 1989*" for which they confessed judgment in the sum of $78,621.98. *See* Exhibit A to Opp. (emphasis added). Even if the lack of specificity in the amended complaint could somehow be cured by a document that is neither annexed to nor incorporated by reference within it, it would be inappropriate to do so here where the confession of judgment is, by its terms, based upon events that took place *one year prior* to the scheme alleged in the amended complaint.

■■■ Chemical also points out that the Debtor was convicted of the crime of "attempted scheme to defraud in the 1st degree as to Count 5 in the Indictment, and sentenced to probation for a period of three (3) years." Opp. at 3; *see also* Exhibit B thereto (which consists of a certified copy of the Order of sentence and commitment). Again, even assuming the truth of this averment, the amended complaint contains no such allegation and does not refer to or incorporate by reference either the indictment, the plea or the sentence report. When faced with a motion to dismiss pursuant to FRCP 12(c), a court's review is limited to the four corners of a complaint.[6]

---

**5.** Although the amended complaint refers to the confession of judgment in paragraphs 13 and 14, it neither annexes it as an exhibit nor incorporates it by reference.

**6.** Documents extraneous to a pleading may not be considered unless the motion is converted to one under FRCP 56. *See* FRCP 12(c). Factual allegations contained in legal briefs are also treated as matters outside the pleadings. *Fonte*

*v. Board of Managers of Continental Towers Condo.,* 848 F.2d 24 (2d Cir.1988) (construing Rule 12(b)). It is clear in this Circuit that a court may not convert a motion under Rule 12 into a motion for summary judgment without giving adequate notice to the opposing party and affording the opposing party an opportunity to respond. *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d cir.1995). "The essential inquiry is whether the [opponent] should reasonably have

Perhaps recognizing the paucity of pleading in its complaint, the bank urges that FRCP 8(e)(1) requires only that averments be "simple, concise, and direct." Relying upon FRCP 8(f), Chemical further argues that pleadings must be "construed as to do substantial justice" and that a notice pleading is all that is required.[7] Even when the Court reviews the pleadings in the light most favorable to the plaintiff and accepts the factual allegations as true, however, the first two claims fail to state a cause of action.

Section 523(a)(2)(A) excepts from discharge any debt

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

As the Debtor rightly points out, the complaint does not allege that he made any representation to the bank, much less one that was false. All that the complaint alleges is that the Debtor made representations to his customers that were false. Nonetheless, by its words, section 523(a)(2)(A) is not limited to a debtor's making of false representations but may also be triggered by "false pretenses" or "actual fraud." The difficulty presented is that the complaint does not allege a debt *owed by the Debtor* to the bank that came about as a result of the Debtor's alleged "false pretenses" or "actual fraud." The complaint merely alleges that the Debtor came to possess vessels upon which the bank held liens and thereafter engaged in "private and/or public sales of the collateral to unknown persons without satisfying the obligations of said customers." Compl't ¶ 8,10. Conspicuously absent are any allegations that the Debtor assumed any of the debts owing to the bank or, by his actions, became obligated to the bank. *See also* Compl't ¶ 11 (which identifies the names of the accounts allegedly affected by the scheme). Also absent are any allegations that the customers defaulted on their obligations and that the bank suffered a loss as a result. Section 523(a)(2) precludes the discharge of debts only "to the extent obtained" through false pretenses, false statements, or actual fraud. It "relates only to the creation of the current credit relationship ... [and] a plaintiff must establish a causal connection between the [fraud] and the loss suffered." *In re Kibler,* 172 B.R. 740, 742 (Bankr. W.D.N.Y.1994) (no showing that any misrepresentation caused creditor to suffer losses greater than those which it would have otherwise occurred).

Quite simply, Chemical's complaint alleges no facts from which a causal connection may be implied. Liberally construed, it alleges

---

recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Id.* (quoting *In re G. & A. Books, Inc.,* 770 F.2d 288, 294–5 (2d Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986)); *Krijn v. Pogue Simone Real Estate Co.,* 896 F.2d 687 (2d. Cir.1990); *Bordeaux v. Lynch,* 958 F.Supp. 77, 82 (N.D.N.Y.1997). The determination depends on the facts and circumstances of each case. *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories,* 850 F.2d 904, 911 (2d Cir.1988). Further, a "reasonable opportunity to present all material" within the meaning of Rule 12(c) requires "some indication by the court to 'all parties' that it is treating the ... motion as a motion for summary judgment." *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983) (quoting *Dale v. Hahn,* 440 F.2d 633, 638 (2d Cir.1971)). As this court is not obligated to treat a 12(c) motion as a motion for summary judgment, *Maggette v. Dalsheim,* 709 F.2d 800 (2d Cir.1983); *In re Ahead By A Length, Inc.,* 100 B.R. 157, 164 n. 2 (Bankr.S.D.N.Y.1989), and since it has not given notice of its intention to do so, the Court declines to consider any documents outside the pleadings. Further, the defendant has had no opportunity to respond to the bank's factual allegations; the Court therefore declines to convert the motion to one under FRCP 56.

7. In its argument, the bank also contends that proof of intent to deceive is often implied from the totality of circumstances present in a case. This maxim, which applies to a determination on the merits after trial, hardly applies at this pretrial stage when a pleading is being scrutinized for its sufficiency. Said another way, the mere fact that proof of a defendant's intent to deceive may be inferred from the surrounding circumstances does not relieve a plaintiff from pleading the same when it is a required element of the asserted cause of action. *See also* FRCP 9(b) which requires "the circumstances constituting fraud or mistake [to] be stated with particularity" whenever there are averments of fraud or mistake.

that at some undisclosed point in time, Chemical financed the purchase of boats by the eight customers identified in paragraph 11, and took back liens to secure payment. Beginning in 1990, the Defendant allegedly persuaded those customers to trade in their boats to him, promising to pay off their loans. Instead, he sold the traded-in boats to third parties, and never paid the loans. This alleged scheme may have defrauded the eight customers, but there are no facts from which the court can infer that he defrauded Chemical, and obtained from Chemical some $78,000 as a result of his fraud.

As to the second claim for relief, it alleges larceny and, assuming the other allegations in the complaint to be true, must also fail as to Chemical. Larceny, for purposes of § 523(a)(4) is defined by reference to federal common law, *In re Sokol*, 170 B.R. 556 (Bankr.S.D.N.Y.1994), *aff'd*, 181 B.R. 27 (S.D.N.Y.1995); *In re Guerrerio*, 143 B.R. 605 (Bankr.S.D.N.Y.1992), as "the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to the taker's use without the consent of the owner." *In re Balzano*, 127 B.R. 524, 532 (Bankr.E.D.N.Y.1991). The creditor must show that the debtor wrongfully took property from it, *In re Kelly*, 155 B.R. 75 (Bankr.S.D.N.Y.1993), with fraudulent intent. *In re Sokol, supra.*

Here, there is no allegation that the Debtor wrongfully took any property owned by the bank or that he did so with fraudulent intent. Rather, the thrust of the allegations is that the Debtor took the vessels as trade-ins from his company's customers and thereby came into lawful possession of them. There is no allegation that he unlawfully took the vessels from anyone.

If the bank had alleged embezzlement, the complaint might have stated a cause of action. Embezzlement within the meaning of § 523(a)(4) is also determined under federal common law and is defined as the "fraudulent appropriation of money by a person to whom such property had been entrusted or into whose hands it has lawfully come." *In re Contella*, 166 B.R. 26, 30 (Bankr.W.D.N.Y.1994) (*quoting Moore v. United States*, 160 U.S. 268, 269, 16 S.Ct.

294, 295, 40 L.Ed. 422 (1895)); *In re Kressner*, 155 B.R. 68, 74 (Bankr.S.D.N.Y.1993); *In re Balzano*, 127 B.R. at 532; *In re Jardula*, 122 B.R. 649 (Bankr.E.D.N.Y.1990). The objectant must show that the debtor misappropriated funds for his own purpose and that he did so with a fraudulent intent or deceit. *Contella*, 166 B.R. at 30. It differs from larceny in that the original taking of the property is lawful. *In re Balzano*, 127 at 533. Embezzlement involves the "appropriation of property belonging to another person or entity." *In re Kibler*, 172 B.R. 740, 742 (Bankr.W.D.N.Y.1994); *In re Contella*, 166 B.R. at 30. But, even with respect to embezzlement, where a creditor (such as the bank here) is neither the owner of nor in possession of the assets, there can be no embezzlement, for "no person can embezzle from himself." *Contella*, 166 B.R. at 30 (no embezzlement where debtor sold a tractor in which creditor had a security interest but failed to remit sale proceeds to creditor).

While the first two claims fail to state a cause of action, the third claim arguably survives by reason of the Debtor having failed to respond to paragraph 21 of the complaint. FRCP 8(d) provides, in pertinent part, as follows:

> Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading. Averments in a pleading as to which no responsive pleading is required or permitted shall be taken as denied or avoided.

Paragraph 21 is a pleading as to which a responsive pleading was required and, as a consequence of Debtor's failure to respond, he is deemed to have admitted it. As noted, that paragraph alleged that, "at the time of making the warranty, the warranty was false and known by defendant to be false." While the third claim does not set forth with any specificity the false representation that was allegedly made, the Debtor's admission of the allegations set forth in ¶ 21 arguably supplies that which was missing. That is, having admitted that he knew the warranty was false and that he knew it was false when made, the Debtor thus implicitly acknowl-

edges that he is aware of what constitutes the "false representation." Reading the allegations that form the third claim for relief in the light most favorable to the bank, it sets forth a cause of action cognizable under § 523(a)(2)(A).

### 2. Leave to Replead

Lastly, Chemical seeks leave to replead in the event that the Debtor's motion is granted. That request is granted, albeit with reluctance by the Court. This is not the first amendment nor the first pre-trial motion. Rather, the amended complaint comes *after* the bank was faced with a motion to dismiss, *after* that bank moved for summary judgment, and *after* the bank moved for permission to amend the complaint. Particularly in a chapter 7 case, it is important to balance the bank's request for a third bite at the apple with the policies underlying the bankruptcy code, namely, that a debtor is to be afforded a fresh start as expeditiously as possible under the circumstances.

■ On the other hand, the Court is mindful of the liberal standard to be applied when faced with a request by a party to amend the pleadings. *See* FRBP 7015; FRCP 15(c).[8] One purpose of liberally permitting amendments is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. *Sommer v. PMEC Associates*, 1993 WL 361660 (S.D.N.Y. Sept. 14, 1993).

■ The decision of whether to grant leave to amend is within the discretion of the court, but refusal to grant leave must be based on valid ground. *Ronzani v. Sanofi S.A.*, 899 F.2d 195 (2d Cir.1990). Amendments to pleadings are favored as a general matter, and unless there is good reason to deny motion to amend, failure to grant it is an abuse of discretion. *McAllister Bros. Inc. v. Ocean Marine Indem. Co.*, 742 F.Supp. 70 (S.D.N.Y.1989). A motion to amend should

be denied only for such reasons as "undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Federal Insurance Co. v. Sheldon*, 150 B.R. 314 (S.D.N.Y.1993) (*quoting Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 (2d Cir.1987)).

■ Based upon the record, the Court cannot find that the delay has been so lengthy as to be undue, or that the plaintiff has acted in bad faith. While the debtor will suffer the prejudice of having to litigate on the merits before learning whether the debt owed Chemical will be declared non-dischargeable, this is not the sort of prejudice that should prevent the grant of the bank's motion. Finally, whether the bank will be able, after having already amended its complaint once, to come forward with a complaint that will withstand challenge remains to be seen. Nonetheless, the Court cannot find at this stage that its amendment will be futile.

### CONCLUSIONS

1. This Court has jurisdiction over the subject matter and the parties to this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). Venue is proper. 28 U.S.C. § 1408.

2. The first two claims for relief set forth in the complaint fail to state a cause of action and are therefore dismissed.

3. Chemical's request for permission to file a second amended complaint, in the event that the Debtor's motion is granted, is granted. Chemical must serve and file its second amended complaint no later than May 23, 1997, and, in such event, the debtor-defendant has until June 13, 1997 within which to answer or otherwise respond to the amended pleading. In the event that Chemical does not serve and file a second amended complaint, Debtor's counsel is directed to settle

---

8. FRBP 7015 makes FRCP applicable in adversary proceedings. Rule 15(a) of Federal Rules of Civil Procedure provides:
(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires* .... (emphasis added)

an Order and Judgment consistent with this Opinion.

4. The third claim for relief sets forth a cause of action under § 523(a)(2)(A). Defendant's motion for judgment on the pleadings is therefore denied as to that claim.

5. The parties are directed to appear at a pretrial conference on June 25, 1997 at 10:00 a.m.

SO ORDERED.